HENRY E. WELSH, as Executor, etc., of JULIETTE WELSH, Deceased, Respondent, v. JOHN E. NEUMANN and EDWARD A. NEUMANN, Appellants.*— Judgment affirmed, with costs. No opinion. Young, Hagarty and Tompkins, JJ., concur; Kapper, J., dissents and votes for reversal and a new trial on the ground that defendants affirmatively established the contributory negligence of the decedent; Scudder, J., not voting.

ARTHUR M. WILLIAMSON, Appellant, v. RAYMOND G. GUERNSEY and HAROLD DICKERSON, as Executors, etc., of JULIA WINSLOW FULLERTON, Deceased, Respondents.— Order reversed on the law, with ten dollars costs and disbursements, and defendants' motion to vacate the notice of examination denied, with ten dollars costs; the examination to proceed on five days' notice. In our opinion, the plaintiff is entitled to examine respondent Guernsey on all matters material to plaintiff's cause of action, and the competency and admissibility of the testimony cannot properly be determined until the trial of the action, its admissibility then depending upon whether any person or persons were present when conversations or communications were had between the respondent and his client, the testatrix, and whether the respondent, on the trial, shall waive his privilege. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

MARION A. WRINN, Respondent, v. BOSTON AND MAINE RAILROAD COMPANY, Appellant.— Judgment and order reversed on the facts and a new trial granted, costs to appellant to abide the event, unless within ten days from the entry of the order herein respondent stipulate to reduce the amount of the verdict to $40,000; in which event the judgment as thus modified and the order are affirmed, without costs. Lazansky, P. J., Hagarty, Carswell and Tompkins, JJ., concur; Kapper, J., dissents from the determination and votes for reversal and a new trial on the ground that the verdict of the jury on the question of defendant's negligence was against the weight of the evidence.

## SECOND DEPARTMENT, AUGUST, 1933.

In the Matter of the Application of HELEN H. PINE, Respondent, for a Mandamus Order against ELLIS T. TERRY, Treasurer of Suffolk County, Appellant.†— The decision of this court handed down on July 22, 1933 [ante, p. 782], is hereby amended to read as follows: Peremptory mandamus order reversed, with costs, and motion denied, with ten dollars costs, as a matter of law and not in the exercise of discretion. We are of opinion that by the enactment of chapter 99 of the Laws of 1930 the Legislature did not intend to repeal chapter 152 of the Laws of 1929. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

*Affd., 263 N. Y. 648.                    † Revd., 262 N. Y. 405.