In the Matter of the Probate of the Will of MABEL L. ALEXANDER, Deceased.

Surrogate's Court, Suffolk County, May 25, 1954.

*Hamlin & Michne* for Bryan Hamlin, proponent.

*George Sapan* for Bernard P. Alexander and another, contestants.

HAZLETON, S. Deceased, in her holographic will, named her attorney as her executor. His petition for probate has met with objections based upon lack of testamentary capacity of the deceased. Contestants now seek by this motion to examine both the attorney-executor and his partner concerning conversations had with the deceased, which motion in turn is challenged by petitioner.

In respect to the propounded paper, it is clear that petitioner can only testify " as to its preparation and execution ", provided he actually participated in either the preparation or the execution of the instrument offered for probate. (Civ. Prac. Act, § 354; *Matter of Matheson,* 283 N. Y. 44; Richardson on Evidence, § 484.) However, upon an examination before trial, even though some improper testimony be elicited, it could nevertheless be excluded upon the trial, if found to contravene sections 353 or 354 of the Civil Practice Act. (*Williamson* v. *Guernsey & Dickerson,* 240 App. Div. 788.) Therefore, the examination of petitioner may proceed with this limitation however, that he " shall not be permitted to disclose any confidential communications which would tend to disgrace the memory of the decedent ", and it should be borne in mind that the power to waive the privilege arising out of the relationship of attorney and client ended with the death of the client so that no one can now waive it.

But, when it comes to examining the law partner of petitioner, I have not been referred to any precedent where the

precise point has been presented, and passed upon. Section 354 provides that an attorney, or his employees may testify, but does not mention the attorney's partner. Nevertheless, it is my opinion that the petitioner's partner, who appears with him as the attorneys of record for the petitioner in this proceeding " shares the privilege as well as the prohibition of the attorney ". (*Matter of Putnam,* 257 N. Y. 140, 144.)

Even though the will be a holograph, I cannot say at this time whether petitioner or his partner participated in its preparation or execution, and it is possible one or both of them had conversations with deceased, which are not barred by the prohibition contained in section 353 and which might be pertinent upon the issue of testamentary capacity. To ascertain this is one of the purposes of an examination before trial.

Therefore, the examination of petitioner's law partner is also allowed, with the same limitations as fixed herein for the examination of the petitioner. The items of examination will be passed upon when the order is submitted, which should be upon notice.