■ In the Matter of the Estate of SAM FISHMAN, Also Known as SAM FISCHMAN, Deceased. LILLIAN FISHMAN, Appellant; LEWIS D. FISCHMAN, as Executor of SAM FISHMAN, Deceased, Respondent.— In a discovery proceeding to compel appellant (the testator's widow and the executor's stepmother) to turn over three bearer bonds of a total face value of $7,000 to the executor, the appeal is from a decree of the Surrogate's Court, Kings County, dated August 13, 1968, which granted the executor's motion to confirm a Referee's supplemental report, dated May 15, 1968; denied appellant's cross motion to reject that report and confirm the Referee's initial report, dated August 28, 1967; and directed appellant to turn the bonds over to the executor. Decree reversed, on the law and the facts, with costs to appellant, payable out of the estate; the executor's motion denied; appellant's cross motion granted; petition dismissed; and appellant adjudged to be the owner of the bonds. Testimony by the attorney who drew the testator's will that the testator had told him that the bonds had been purchased by him (the testator) with his money and belonged to him was inadmissible because it was hearsay and also because it was a privileged communication under CPLR 4503. On the other hand, the widow's testimony as to communications between her and the testator was inadmissible because she was not a competent witness pursuant to CPLR 4519. Because of a lack of proof as to whose money paid for the bonds, they must remain in the possession of the widow who had kept them in her safe deposit box. Christ, Acting P. J., Brennan, Rabin and Benjamin, JJ., concur; Hopkins, J., concurs in the result, with the following memorandum. In my opinion, the executor could waive the privilege between the attorney called to testify and the testator. The authorities elsewhere are almost uniform in holding that a decedent's representative may waive the privilege (67 ALR 2d 1268 [anno.]), and the weight of public policy disposed to disclose the truth in judicial proceedings favors the waiver (cf. 8 Wigmore, Evidence [McNaughton rev. 1961], § 2329, pp. 639–641). Hence, I would not

follow the contrary dicta expressed in *Matter of Alexander* (205 Misc. 894) and *Matter of Olson* (73 N.Y.S. 2d 876). Nevertheless, in this case the testator's statements to which the attorney testified are self-serving and should not have been admitted into evidence under our present standards (but cf. 5 Wigmore, Evidence [3d ed.], § 1576, pp. 435-437).