Millard L. Midonick, S.
This is a motion to compel C. *520 Douglas Webb, the attorney who prepared decedent’s will which has been admitted to probate, to answer certain questions propounded to him during a pretrial examination concerning matters which he claims are privileged.
The court previously directed attorney Webb to appear for oral examination and stated that any objections on the ground of attorney-client privilege be raised at that time. (NYLJ, Nov. 21, 1975, p 6, col 4.) The Appellate Division affirmed for the reasons stated in this court’s decision (52 AD2d 767).
The movants herein are claimants in a proceeding to determine the validity of their claim against decedent’s estate. The basis of the claim as set forth in petitioners’ affidavit is as follows: "That on various and divers occasions, subsequent to the death of your deponents’ father, Paul Swantee, Sr., on or about November 15, 1970, your deponents entered into an oral agreement with the decedent Nanny Swantee, the wife of your deponents’ father, wherein and whereby the said decedent in consideration of your deponents’ promise not to contest the will of their father, Paul Swantee, Sr., promised and agreed to make a will leaving to your deponents, share and share alike, all of the property, both real and personal, inherited by the decedent Nanny Swantee pursuant to the Last Will and Testament of the said Paul Swantee, Sr.” (Emphasis supplied.)
At attorney Webb’s examination petitioners sought to elicit from him conversations or writings between himself and the decedent which would substantiate decedent’s alleged agreement with them. It appears that attorney Webb had conferences with decedent concerning the preparation of several of her wills, including the one admitted to probate. Mr. Webb also was the attorney for decedent’s predeceased husband and the executor of his estate.
Webb’s counsel objected to, and refused to permit him to answer, the following questions on the ground of the attorney-client privilege between the decedent and Webb (CPLR 4503, subd [a]).
"Q (1) Mr. Webb, did Nanny Swantee ever say to you in words or in substance that she was to leave to the children of Paul F. Swantee, Sr. that portion of the estate that she received from her husband?
"Q (2) Did Paul F. Swantee, Sr. ever say to you in words or in substance that he had an agreement with Nanny Swantee that she was to leave to his children that portion of his estate that she received from him?
*521 "Q (3) Prior to the execution of the decedent’s will which was admitted to probate, did you have any discussions with her with regard to what she wanted in that will?
"Q (4) With regard to exhibits 2 through 5 prior wills of Nanny Swantee inclusive, did the decedent send you any written instructions regarding the preparation of these documents?
"Q (5) Did the decedent Paul F. Swantee, Sr. give you any written instructions in connection with the preparation of any will on his behalf?
"Q (6) Did the decedent in words or substance ever inform you that the children of Mr. Paul F. Swantee, Sr. anticipated receiving that portion of their father’s estate that she, the decedent, received?”
Claimants’ counsel in his affidavit in support of the instant motion alleges that: "Said questions are material and necessary to the prosecution of this claim against the above-captioned estate and are particularly important in that the answers may very well disclose the existence as well as the substance of any prior written agreements by which the decedent promised to leave to the claimants all the property she had previously inherited from her late husband, Paul Swantee, the father of the claimants.”
In support of disclosure the claimants contend that CPLR 4503 (subd [b]) creates an applicable exception to the attorney-client privilege. They further contend that such privilege might not apply because of the presence of a third person during the conversations.
In opposition attorney Webb asserts that there was no third person present during the conversations between himself and testatrix, except for his law partners, and that the exception set forth in the statute does not apply in a proceeding of this nature.
The court is of the opinion that the attorney-client privilege precludes the testimony sought and the motion is accordingly denied.
The statutory exception to the attorney-client privilege set forth in CPLR 4503 (subd [b]) is as follows: "Wills. In any action involving the probate, validity or construction of a will, an attorney or his employee shall be required to disclose information as to the preparation, execution or revocation of any will or other relevant instrument, but he shall not be *522 allowed to disclose any communication privileged under subdivision (a) which would tend to disgrace the memory of the decedent.”
The mere fact that an attorney is the draftsman of a testator’s will does not operate to invoke the statutory exception to the privilege in all estate proceedings. The proceeding wherein disclosure is sought must involve the probate, validity or construction of a will. (Matter of Duke, 202 Misc 446, exclusion as privileged in a discovery proceeding to recover a bank account for the estate; Matter of Alexander, 205 Misc 894, admitted as not privileged in a probate proceeding.)
The court in the instant case is not concerned with a proceeding within the statutory exception. The present proceeding is to determine the validity of a claim and the privilege is not statutorily excepted in such a proceeding. (Matter of Fishman, 32 AD2d 1063, affd 27 NY2d 809.) In Fishman testimony by the attorney who drew the decedent’s will as to a conversation with him was held inadmissible because of privilege, in a discovery proceeding to recover personal property claimed to be assets of decedent’s estate.
Although the point was not raised by either of the parties, it has been held "where two or more persons consult an attorney for their mutual benefit, that it [the attorney-client privilege] cannot be invoked in any litigation which may thereafter arise between such persons or their descendants, but may be in any litigation between them and strangers (Wallace v. Wallace, 216 N. Y. 28).” (Oursler v Armstrong, 10 Misc 2d 654, 659, affd 8 AD2d 194, revd on other grounds 10 NY2d 385; accord Hurlburt v Hurlburt, 128 NY 420; Matter of Newton, 62 Misc 2d 553.)
The papers before the court on this motion do not state that the promise allegedly made by the decedent was made in the course of communications when she and her husband jointly consulted attorney Webb, nor that any such joint consultation ever occurred. Rather the claimants have affirmed that their claim is predicated upon an alleged promise of the decedent made after her husband’s death.
The present record shows that any statements allegedly made by either the decedent or her husband to their attorney Webb concerning the matters at issue herein were privileged attorney-client communications. No basis is shown for petitioners’ position that said privilege does not apply or has been waived by decedent before her death.
*523 Submit order on notice denying the within motion.