OPINION OF THE COURT
Marie M. Lambert, S.
In this inter vivos trust accounting proceeding, the trustee *951 has renewed a motion to suppress allegedly privileged material acquired by respondent’s attorney pursuant to subpoena, and to disqualify the law firm representing the respondent. In a prior decision (Matter of Weinberg, NYLJ, Oct. 3, 1985, p 7, col 2), the respondent’s attorney was directed to turn over the original documents to the court and to provide petitioner with a copy of each. Petitioner was authorized to renew her motion to suppress as to those documents which she could identify as protected by the attorney-client privilege.
The documents that were turned over constitute more than two boxes of material and represent law files possessed by the liquidator of a law firm no longer in existence. The law firm represented Hanns Weinberg, the husband of Elizabeth Weinberg, and the father of the trustee and the objectant. The law firm also represented corporations established by Hanns Weinberg including the Antique Company of New York (ACNY). Shares of stock in ACNY are the sole asset of the trust and objectant alleges that the trustee, in running ACNY, removed its collection of antique porcelains, gold boxes and objects d’art for her own personal benefit.
In seeking to suppress some 116 documents, the trustee alleges that the documents were obtained in violation of permissible practice and that they are protected against disclosure by the attorney-client privilege. In the prior decision of this court referred to above (Matter of Weinberg, NYLJ, Oct. 3, 1985, p 7, col 2, supra), the court stated that the documents were improperly obtained. Nothing that has been submitted herein convinces the court to change its original opinion.
As to the documents in question, the court has reviewed them and determines that most are covered by an attorney-client privilege. It is apparent from the documents that petitioner’s father, now deceased, consulted with counsel for the purpose of receiving legal advice on personal problems that were intimately intertwined with his business activities. The advice which was rendered covered both these aspects. A communication made between an attorney and client and intended as confidential is privileged unless the client waives it in some regard. (CPLR 4503.) Where, as here, Hanns Weinberg is deceased, it is the rule in New York that the right or power to waive the privilege dies with him (Matter of Williams, 179 Misc 805; Matter of Alexander, 205 Misc 894 [dictum]; Randy Intl. v Auto Compactor Corp., 97 Misc 2d 977; In re Olson, 73 NYS2d 876). While there is some authority in *952 a concurring opinion that a fiduciary can waive the attorney-client privilege on behalf of a decedent (see, Matter of Fishman, 32 AD2d 1063, affd 27 NY2d 809), that authority is not pertinent to this case because there is no fiduciary who is available and willing to do so.
While respondent argues that the privilege was waived during the life of Hanns Weinberg in that he permitted his daughter, the trustee herein, to participate in many of the discussions, such is not the case. It is apparent that petitioner consulted with the attorney on behalf of her father in a representative capacity. Petitioner was not only the daughter of Hanns Weinberg, but was an officer, director and employee of his various business enterprises. Any fair reading of the documents show that she enjoyed his complete confidence and functioned as his alter ego. As such, her role in the discussions was one of agent for him. Agency need not be explicit and may be implied from the conduct of the parties (see, Kozecke v Humble Oil & Refining Co., 46 AD2d 986).
To the extent that petitioner’s involvement in the discussions sprang from family business, any disclosures she made to counsel on behalf of the companies or with respect to matters directly concerning them would also enjoy privileged status. As an officer of such companies, she was in a position to provide information for formulating legal advice that pertained to them.
At this point, it should be noted that the respondent also enjoyed at least the nominal status of an officer of these companies. Although this might appear to give him some claim to see the materials and to waive the privilege, such is not the case. A waiver by a director of a corporation should not be permitted where he is in an adversarial position to the corporation, as is the case here. He should not be allowed to use his corporate position to waive the privilege that attaches to the corporation in a litigation relating to his own rights or in which he is asserting claims that are or may be adverse to the corporation. (See, Simon, The Attorney-Client Privilege as Applied to Corporations, 65 Yale L J 953.)
Moreover, the respondent did not in any manner participate in any of the meetings or conferences or discussions referred to in the documents before the court. Thus, this is not a situation in which disclosure may be compelled, although the material is otherwise privileged, because the party seeking disclosure either was a party to the privileged communication *953 or jointly with the client had consulted with or sought the advice of the attorney. (Matter of Bourne, 38 Misc 2d 838, 841, affd 21 AD2d 852; 8 Wigmore, Evidence § 2312 [McNaughton rev ed].)
Accordingly, the court determines that most of the documents for which a claim of privilege is made are indeed privileged. These include, without limitation, memoranda written by the two attorneys with whom petitioner and her father spoke and letters and memoranda exchanged between these two attorneys and attorneys retained by the petitioner’s father in England on related or interrelated matters (see, Ann., 9 ALR3d 1420). No privilege attaches to the following documents included in the exhibits attached to petitioner’s motion papers: Documents starting on pages 52, 85, 105, 106, 107, 179 and 235.
Having determined that most of the documents are privileged, the court must now decide what is the appropriate remedy. Where disclosure has been improperly or irregularly obtained so that a substantial right of a party is prejudiced, the court may order the information suppressed. (CPLR 3103 [c].) The suppression here relates not only to all past and future uses of the documents but to all testimony elicited as a result therefrom. Respondent’s attorney is directed to return to this court all copies of the documents which have been determined to be privileged.
The petitioner argues that the only effective remedy to insure that the privileged communications will not be used against her is to disqualify the respondent’s law firm. Such a remedy is drastic and deprives a client of the right to be represented by counsel of their own choosing. It also imposes on the client the financial penalty of having to familiarize a new lawyer with the case and any other penalty which is occasioned as a result of delay.
The cases cited in support of disqualification all related to the situation where attorneys, who have been members of firms which represented a client, subsequently become members of another firm who is representing an opposing party to a litigation. In such instances, the courts are rightfully fearful that the information learned in confidence from the client could be used to attack the claims of that client. Here, the court is not faced with the issue of how to safeguard a former client’s interest and is not faced with the prospect of defending that client against a myriad of information gleaned from *954 that relationship. The documents which have been suppressed are finite in number and constitute a small percentage of the information obtained during the course of discovery. Accordingly, that portion of the application which seeks disqualification of respondent’s law firm is denied.