■ CANDACE CARMEL BARASCH, Respondent, v WILLIAMS REAL ESTATE CO., INC., et al., Appellants. [961 NYS2d 125]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered January 13, 2011, which, to the extent appealed from, granted petitioner's motion to compel the production of documents that had been withheld by respondents on the basis of attorney-client privilege, reversed, on the law, with costs, and the motion denied.

This is a special proceeding commenced by petitioner, a shareholder and director of the respondent Williams entities (Williams) to compel Williams to pay the fair value of her shares pursuant to Business Corporation Law § 623. The proceeding was commenced after Williams sold a 65% interest in the business to a third-party investor, a transaction to which petitioner had objected. The transaction closed in October 2008. In connection with the special proceeding, petitioner served a broad discovery demand, including a demand for all communications to or from Moses & Singer, transaction counsel, concerning petitioner and the transaction, from January 2008 to date. In opposing petitioner's motion to compel, respondents argued that petitioner was not entitled to the attorney-client communications between Williams and transaction counsel because she was in an adversarial relationship with Williams. The motion court disagreed, holding that although petitioner is now in an adversarial relationship with her codirectors and with Williams, she was not in an adversarial relationship during the time in question.

Based upon that order, from which no appeal was taken, Williams and Moses & Singer spent many hours conducting document review and produced more than 32,000 documents, including emails through October 8, 2008 (the date that petitioner dissented from the underlying transaction). A few months thereafter, at a deposition of Williams's in-house counsel, petitioner produced as an exhibit an email dated September 24, 2008 from Moses & Singer to Williams, that described petitioner as "hostile" to the transaction, and warned Williams that petitioner's attorneys could use provisions of the shareholder agreement to her benefit. Williams's counsel objected to a question about the email, asserted the attorney-client privilege, and demanded the document's return, asserting that it was inadvertently produced. Respondents followed up a week later with a letter demanding that this email, as well as an email dated September 8, 2008, be returned. In the September 8 email, counsel informed Williams that there was a concern that petitioner would not cooperate and sign any documents, and explained petitioner's dissenter's rights, her leverage and a possible "blackmail" scenario.

In demanding return of these emails, respondents argued that the emails showed that petitioner had become adverse to her codirectors and Williams by September 8, 2008. Petitioner filed a motion to compel respondents to provide all outstanding discovery, and respondents cross-moved for a protective order and for return of what they asserted are privileged documents that were inadvertently produced.

In granting petitioner's motion and denying respondents' cross motion (respondents did not appeal from the denial of the cross motion), the motion court framed the issue before it as follows: "[W]hether a corporate director, by dissenting from a corporate transaction, retaining separate counsel, and threatening potential legal challenges to block the transaction, becomes 'adverse' to the corporation, such that she waives her absolute right to inspect corporate books and records, including attorney-client communications." The court answered that question in the negative. We disagree.

The underpinning of the motion court's determination was that petitioner, as a director of Williams, was a corporate insider by definition, and therefore could not be adverse to Williams. However, this case involves a party who is both a corporate director and a shareholder, suing in her capacity as a shareholder, and seeking to invade the corporation's attorney-client privileged communications about her, which took place at a time when she was adverse to the corporation, in order to advance her own interests as a shareholder. It is evident from the September emails that Williams's transaction counsel believed petitioner to be hostile to the transaction and that it was advising Williams on how to handle petitioner. Furthermore, that petitioner retained separate counsel to represent her interests demonstrates that she did not believe that Williams's in-house counsel or transaction counsel were representing her interests as a shareholder. Thus, it is clear that as of September 8, 2008, petitioner was in an adversarial position with Williams, and the attorney-client communications between Williams and its counsel regarding how to deal with petitioner are privileged.

A director of a corporation "should not be allowed to use [her] corporate position to waive the privilege that attaches to the corporation in a litigation relating to [her] own rights or in which [she] is asserting claims that are or may be adverse to the corporation" (*Matter of Weinberg*, 133 Misc 2d 950, 952 [Sur Ct, NY County 1986], *mod* 129 AD2d 126 [1st Dept 1987]). The Court of Appeals decision in *Tekni-Plex, Inc. v Meyner & Landis* (89 NY2d 123 [1996]), a case involving a dispute over a corporate acquisition, is instructive here. At issue for the Court was whether "long-time counsel for the seller company [old Tekni-Plex] and its sole shareholder [could] continue to represent the shareholder in [a] dispute with the buyer [new Tekni-Plex]" (*id.* at 127). Following the acquisition, new Tekni-Plex commenced an arbitration against old Tekni-Plex's sole shareholder and director, Tang, alleging that Tang had made false representations regarding the company's compliance with environmental

laws (*id.* at 128). Tang retained counsel for old Tekni-Plex to represent him in the arbitration (*id.* at 129). The Court held that the confidential communications between corporate counsel and old Tekni-Plex during the law firm's representation of the corporation on environmental compliance matters had passed to new Tekni-Plex, and that the law firm should be disqualified from representing Tang (*id.* at 133-136). It also held, with application here, that the law firm should be enjoined from disclosing the substance of those communications to Tang, who, like petitioner here, was both a director and a shareholder of Tekni-Plex at the time of those communications (*id.* at 136-137).

Petitioner's citation to *People v Greenberg* (50 AD3d 195 [1st Dept 2008], *lv dismissed* 10 NY3d 894 [2008]) is unpersuasive. In *Greenberg*, we held that former directors, who were clearly privy to, and participated in, legal consultations regarding the transactions, and who were not adverse to the corporation, were entitled to documents in support of an "advice of counsel" defense (*id.* at 202). Here, petitioner was not privy to the legal consultations and communications between transaction counsel and Williams, but instead was the subject of those consultations, and was adverse to the corporation at the time. Of note is the observation by the concurring Justice in *Greenberg* that there was no suggestion that any conflict of interest existed between the former directors and the corporation at the time of the privileged communications "that would have obligated the executives to retain separate counsel to advise them individually on such matters. . . . Under these circumstances, affording [the former directors] access to the documents in question is consistent with *Tekni-Plex* . . . and fundamentally fair" (*id.* at 206-207 [Friedman, J., concurring]). In contrast, it is evident that as of September 8, 2008, there was a conflict between the interests of petitioner and Williams, which would have prevented Williams's in-house counsel from representing petitioner, and which in fact led to the retention of separate counsel by petitioner.

In *Hoiles v Superior Ct.* (157 Cal App 3d 1192, 204 Cal Rptr 111 [1984]), a shareholder and director of a corporation whose stock was entirely held by family members, brought an action in his capacity as a shareholder to dissolve the corporation. The petitioner sought to depose the corporation's in-house counsel about communications with the other directors related to his threats to dissolve the corporation, or to sell his stock to a buyer outside the family (157 Cal App 3d at 1197, 204 Cal Rptr at 114). The trial court sustained counsel's objection that these were privileged communications. On appeal, the petitioner

argued that he was entitled to question counsel about the privileged communications based on his status as a corporate director (*id.*). In rejecting that argument and holding that the attorney-client privilege was properly asserted despite the petitioner's status as a director, the court wrote as follows: "There is a short answer to petitioners' claim that [petitioner] Harry Hoiles has a right to question corporate counsel in his role as a director. Assuming the point is correct, Hoiles has not brought suit as a director, only as a shareholder" (157 Cal App 3d at 1201, 204 Cal Rptr at 116 [citation omitted]). Here, as in *Hoiles*, petitioner has brought suit only as a shareholder.

The motion court's holding would thwart the purpose of the attorney-client privilege, which is to "encourage full and frank communication between attorneys and their clients" (*Upjohn Co. v United States*, 449 US 383, 389 [1981]). Taken to its logical conclusion, the motion court's reasoning would prevent a corporation from freely consulting with counsel when dealing with a dispute involving a sitting director, or seeking advice regarding a director's suspected misconduct. For these reasons, we find that the parties were adverse as of September 8, 2008.

Finally, respondents' appeal from the court's order is neither untimely nor moot, as argued by petitioner, nor does it seek review of an unappealable order, as posited by the dissent. As explained above, petitioner made two motions to compel production of documents that were demanded by a discovery notice seeking, as is relevant here, all documents, correspondence, emails, etc., created by, directed to, or communicated between respondents and the law firm of Moses & Singer, from January 2008 to the date of the response. Respondents objected to production of all such communications on the ground of attorney-client privilege. The motion court granted the first motion, holding that petitioner was a director of the corporation, and that her codirectors "could not reasonably have expected to exclude her from their attorney-client communications concerning the valuation of her shares." The court also held that although petitioner is now in an adversarial relationship with her codirectors and the corporation, she was not in an adversarial relationship "during the time in question." Respondents did not appeal.

The order at issue on appeal is the order granting the second motion to compel which was made after respondent had provided a great deal of discovery. Although the court applied similar reasoning in determining both orders, the second order was not, as petitioner maintains, merely a confirmation of the first order. In fact, had the court believed that the second order

was merely confirmation of the first order, there would have been no reason to issue a decision addressing the motion and cross motion and setting forth the court's reasoning.

Nor is the appeal from the order directing production of privileged communications moot. The parties are still litigating the valuation of petitioner's shares and the documents may be used in connection with further proceedings. Concur—Richter, Abdus-Salaam and Román, JJ.

Tom, J.P., dissents in a memorandum as follows: Respondents-appellants are not aggrieved by the ruling from which they appeal (CPLR 5511), and this Court is without jurisdiction to entertain the matter. As indicated by their briefs, which do not even address the order appealed from, respondents seek review of a prior, unappealable order for the apparent purpose of obtaining a ruling on an issue that their proffered defense to this proceeding strongly suggests is immaterial. The opinion offered by the majority concerning an issue not properly before us is advisory since it depends on a future event outside the parties' control which might never occur—namely, a determination by this Court that, contrary to respondents' contention, petitioner is entitled to maintain this proceeding to assess the fair value of her shares (see Cuomo v Long Is. Light. Co., 71 NY2d 349, 354-355 [1988]).

This controversy arises out of the reorganization of the seven respondent constituent entities comprising the Williams real estate operation (collectively Williams) in connection with the sale of a 65% interest in the business to respondent First Service Corporation. Notices were mailed to the constituent share owners that their approval was required for the proposed disposition of substantially all of the assets of the respective companies at a meeting to be held on October 8, 2008. The reorganization plan was approved on that date, following which petitioner notified Williams that she would exercise her appraisal rights as a dissenting share owner (Business Corporation Law § 623). While petitioner tendered her shares in the various Williams entities pursuant to section 623 (f), the corporation did not make a timely offer to purchase the shares pursuant to section 623 (g). This proceeding was commenced by petition dated January 7, 2009 pursuant to section 623 (h), which affords the means "to determine the rights of dissenting shareholders and to fix the fair value of their shares" (§ 623 [h] [1]).

Petitioner served a discovery demand for all corporate communications dealing with the valuation of the business, her share of the Williams enterprise and the planned reorganiza-

tion. Respondents resisted her demands, and petitioner brought a motion to compel production of the documents (CPLR 3124). In an order entered April 15, 2010, the court granted petitioner access to Williams's internal communications, including those with corporate counsel, Moses & Singer, LLP. The decision expressly held that, as a director, petitioner could not be excluded by her codirectors "from their attorney-client communications concerning the valuation of her shares," stating that while presently in an adversarial relationship with respondents, "she was not in an adversarial relationship during the time in question." The court reasoned that " '[a] corporate director has an absolute, unqualified right, with roots in the common law, to inspect the corporate books and records' " (quoting *People v Greenberg*, 50 AD3d 195, 199 [1st Dept 2008], *lv dismissed* 10 NY3d 894 [2008]). Rejecting respondents' contention that this Court's decision in *Matter of Beiny (Weinberg)* (129 AD2d 126 [1st Dept 1987]) requires a departure from the general rule, the court "decline[d] to carve out an exception to a corporate director's right to inspect the corporation's books and records without clear authority from the Appellate Division." No appeal was taken from this ruling.

When respondents did not comply with the order, petitioner brought the instant motion by way of order to show cause dated October 7, 2010 to compel the production of the documents as directed by Supreme Court's prior order (CPLR 3126). The ensuing court decision recites that petitioner was seeking "an [o]rder compelling respondents to comply with my April 15, 2010 Order and directing respondents . . . to produce certain discovery notwithstanding attorney-client privilege." Respondents cross-moved for a protective order with respect to certain communications with Moses & Singer, which had represented respondents in connection with the transactions to reorganize and simplify the relationships between the constituent Williams entities. Respondents requested that all privileged documents filed in support of petitioner's motion be sealed and that petitioner be directed to "return all copies of inadvertently produced privileged communications" (CPLR 3103 [c]).

While respondents nominally cross-moved for a protective order, both the court's decision and remarks made during oral argument reflect that the motion was interposed for the express purpose of enabling respondents to appeal from the court's prior ruling that petitioner is entitled to the privileged communications at issue. Without providing any procedural basis for revisiting the question, the court's decision states that the issue before it was "whether a corporate director, by dissenting from

a corporate transaction, retaining separate counsel, and threatening potential legal challenges to block the transaction, becomes 'adverse' to the corporation, such that she waives her absolute right to inspect corporate books and records, including attorney-client communications."

Oral argument began with the court's comment that "this is a motion that comes about as a result of an in Court conference on discovery," which culminated in a decision that was not subject to appeal. Petitioner's counsel responded, "Your Honor is absolutely right, we were here six months ago where they raised exactly the same argument." The court further indicated that it would direct that the "documents if I adhere to my original decision, are produced under the order," acknowledging that "[t]here is no appeal from the prior order." Also during argument, the court inquired, "Didn't this motion to compel in effect come about as a result of my pointing out in the course of the proceedings that whatever I do may not be appealable if the parties wanted to avail themselves of an appeal[able] order?" Tellingly, petitioner's attorney concluded his remarks by asking the court to adhere to its previous decision.

It is well settled that a ruling made on an issue "remains the law of the case, and it may not be contravened by a court of co-ordinate jurisdiction" (*Grossman v Meller*, 213 AD2d 221, 224 [1st Dept 1995]), and this result obtains whether or not a formal order is entered (*see George W. Collins, Inc. v Olsker-McLain Indus.*, 22 AD2d 485, 489 [4th Dept 1965]). Rather, review of an order is available only by way of appeal or on motion pursuant to CPLR 2221 brought before the issuing judge (*id.* at 488). Parties may not, by the simple expedient of styling their application in some alternative form, obviate the 30-day time limit for bringing a motion to reargue (CPLR 2221 [d] [3]) or the necessity to establish the existence of new facts or a change in law in support of a motion to renew (CPLR 2221 [e] [2]). They certainly may not evade the strict 30-day time period in which to serve a notice of appeal (CPLR 5513; *see Ocean Acc. & Guar. Corp. v Otis El. Co.*, 291 NY 254 [1943]). In short, respondents may not exploit the absence of any statutory time restriction to move for relief under CPLR 3103 (protective orders) to avoid the limitations constraining a motion to renew or reargue under CPLR 2221. In any event, the statute plainly provides that to revisit a ruling on the basis of either reargument or renewal, the motion "shall be identified specifically as such" (CPLR 2221 [d] [1]; [e] [1]). Where, as here, the meaning of a statute is apparent from the language employed by the Legislature, there is no room for judicial interpretation (*Majewski v Broadalbin-Perth Cent.*

*School Dist.*, 91 NY2d 577, 583 [1998]; *Matter of Jakubowicz v A.C. Green Elec. Contrs., Inc.*, 25 AD3d 146, 147 [1st Dept 2005], *lv denied* 6 NY3d 706 [2006]). Because respondents identified their application as seeking relief only under CPLR 3103, it may not be judicially extended to include relief available under CPLR 2221. Finally, however their application may be categorized, having declined to appeal from its denial, respondents may not employ the cross motion as a means to obtain review of an issue previously resolved.

This Court may not issue a ruling on the propriety of the prior discovery order, which was never the subject of a motion to renew or reargue and from which no appeal was ever taken. If parties were permitted to dispense with the law of the case by the simple ruse of raising anew an issue previously resolved on a prior motion, there would be no end to litigation. Moreover, an appellate court is without power to review any order beyond the time specified in CPLR 5513. Since the issue of petitioner's entitlement to material asserted to be privileged was resolved in an order entered in April 2010 and never challenged, the 30-day limitation of CPLR 5513 has elapsed, and that issue is not before us. The order appealed from merely directs that the parties comply with the motion court's previous discovery order, imposing no sanctions or further conditions. Since the prior order was binding upon the parties in any event (*Matter of Murray v Goord*, 298 AD2d 94, 97 [1st Dept 2002], *affd* 1 NY3d 29 [2003] ["an order or judgment of a court is binding on all persons subject to its mandate until vacated or set aside on appeal"]), respondents are not aggrieved by the order appealed from. Thus, they lack standing to prosecute this appeal (*Bernstein v 1995 Assoc.*, 211 AD3d 560 [1st Dept 1995]), and this Court is without jurisdiction to entertain the matter (*Mixon v TBV, Inc.*, 76 AD3d 144, 155 [2d Dept 2010]; *Tortora v LaVoy*, 54 AD2d 1036, 1036 [3d Dept 1976]). The only ruling by which respondents are aggrieved that was potentially subject to review is whether the motion court erred in failing to direct the return of certain of the disclosed material, as sought in respondents' cross motion for a protective order. However, as their notice of appeal is confined to the motion court's disposition of petitioner's motion in chief, respondents have abandoned the issue.

While the arguments advanced before Supreme Court in support of respondents' cross motion were properly considered in opposition to petitioner's motion, entertaining an application under CPLR 3103 does not warrant revisiting the issue of the privilege attached to the material sought to be protected (*see Laura Inger M. v Hillside Children's Ctr.*, 17 AD3d 293, 295-

296 [1st Dept 2005]). And while the motion court was correct that no appeal could be taken as of right from its April 15, 2010 order, which decided a motion that was not made on notice (CPLR 5701 [a] [2]; *Sholes v Meagher*, 100 NY2d 333, 335 [2003]), respondents never sought to reduce that order to an appealable paper. It would have been a simple matter to make a motion on notice to vacate the order, thereby providing an adequate record to permit review on appeal (CPLR 5701 [a] [3]; *Unanue v Rennert*, 39 AD3d 289 [1st Dept 2007]; *see* Siegel, NY Prac § 524 at 921-922 [5th ed 2011]). Respondents failed to take the necessary measures to establish their right to appeal from the April 15, 2010 order within the time constraints imposed by statute, and they identify no provision in the rules governing practice before our courts that would enable them to challenge the ruling some five months after the expiration of the allotted time period.

This Court's review is limited to the disposition of petitioner's motion to compel compliance with the court's previous discovery order. It appears that the parties stipulated to the sealing of the contested documents, and there is no remaining issue requiring this Court's resolution.*

The substance of respondents' position in opposition to the motion was that a director may be unilaterally excluded from corporate affairs whenever the corporation or its agent (here, counsel) expresses the opinion that the director might be unsupportive of some proposed corporate endeavor. Rather than allege any use that petitioner might make of the disputed information obtained during discovery that would be harmful to them, respondents reminded the motion court that their position in this litigation is that petitioner is not entitled to maintain this proceeding to fix the value of her shares because the transactions actually undertaken to reorganize Williams did not result in the disposition of substantially all of the assets of its constituent corporations. Thus, it is far from clear at this juncture that the disputed information remains material and necessary to the prosecution of the action (CPLR 3101 [a]). Thus, the issue respondents seek to pursue is at best premature and presently moot.

In sum, it was previously decided that the documents in contention were properly obtained by petitioner in her capacity as director of the constituent Williams entities, Supreme Court lacked any procedural basis to revisit this determination, and it is not subject to review on appeal. And while Supreme Court's

---

* The motion court issued a separate sealing order, apparently on the stipulation of the parties, which is not subject to this appeal.

order directing production of the documents implicitly found them to be material and necessary to the valuation of petitioner's shares, the relevancy of this information has been rendered immaterial in light of respondents' position that petitioner is not entitled to maintain this proceeding under Business Corporation Law § 623.

Accordingly, the appeal should be dismissed for want of jurisdiction.