Order, Supreme Court, New York County (Bernard J. Fried, J.), entered January 13, 2011, which, to the extent appealed from, granted petitioner’s motion to compel the production of documents that had been withheld by respondents on the basis of attorney-client privilege, reversed, on the law, with costs, and the motion denied.
*491 This is a special proceeding commenced by petitioner, a shareholder and director of the respondent Williams entities (Williams) to compel Williams to pay the fair value of her shares pursuant to Business Corporation Law § 623. The proceeding was commenced after Williams sold a 65% interest in the business to a third-party investor, a transaction to which petitioner had objected. The transaction closed in October 2008. In connection with the special proceeding, petitioner served a broad discovery demand, including a demand for all communications to or from Moses & Singer, transaction counsel, concerning petitioner and the transaction, from January 2008 to date. In opposing petitioner’s motion to compel, respondents argued that petitioner was not entitled to the attorney-client communications between Williams and transaction counsel because she was in an adversarial relationship with Williams. The motion court disagreed, holding that although petitioner is now in an adversarial relationship with her codirectors and with Williams, she was not in an adversarial relationship during the time in question.
Based upon that order, from which no appeal was taken, Williams and Moses & Singer spent many hours conducting document review and produced more than 32,000 documents, including emails through October 8, 2008 (the date that petitioner dissented from the underlying transaction). A few months thereafter, at a deposition of Williams’s in-house counsel, petitioner produced as an exhibit an email dated September 24, 2008 from Moses & Singer to Williams, that described petitioner as “hostile” to the transaction, and warned Williams that petitioner’s attorneys could use provisions of the shareholder agreement to her benefit. Williams’s counsel objected to a question about the email, asserted the attorney-client privilege, and demanded the document’s return, asserting that it was inadvertently produced. Respondents followed up a week later with a letter demanding that this email, as well as an email dated September 8, 2008, be returned. In the September 8 email, counsel informed Williams that there was a concern that petitioner would not cooperate and sign any documents, and explained petitioner’s dissenter’s rights, her leverage and a possible “blackmail” scenario.
In demanding return of these emails, respondents argued that the emails showed that petitioner had become adverse to her codirectors and Williams by September 8, 2008. Petitioner filed a motion to compel respondents to provide all outstanding discovery, and respondents cross-moved for a protective order and for return of what they asserted are privileged documents that were inadvertently produced.
*492 In granting petitioner’s motion and denying respondents’ cross motion (respondents did not appeal from the denial of the cross motion), the motion court framed the issue before it as follows: “[WJhether a corporate director, by dissenting from a corporate transaction, retaining separate counsel, and threatening potential legal challenges to block the transaction, becomes ‘adverse’ to the corporation, such that she waives her absolute right to inspect corporate books and records, including attorney-client communications.” The court answered that question in the negative. We disagree.
The underpinning of the motion court’s determination was that petitioner, as a director of Williams, was a corporate insider by definition, and therefore could not be adverse to Williams. However, this case involves a party who is both a corporate director and a shareholder, suing in her capacity as a shareholder, and seeking to invade the corporation’s attorney-client privileged communications about her, which took place at a time when she was adverse to the corporation, in order to advance her own interests as a shareholder. It is evident from the September emails that Williams’s transaction counsel believed petitioner to be hostile to the transaction and that it was advising Williams on how to handle petitioner. Furthermore, that petitioner retained separate counsel to represent her interests demonstrates that she did not believe that Williams’s in-house counsel or transaction counsel were representing her interests as a shareholder. Thus, it is clear that as of September 8, 2008, petitioner was in an adversarial position with Williams, and the attorney-client communications between Williams and its counsel regarding how to deal with petitioner are privileged.
A director of a corporation “should not be allowed to use [her] corporate position to waive the privilege that attaches to the corporation in a litigation relating to [her] own rights or in which [she] is asserting claims that are or may be adverse to the corporation” (Matter of Weinberg, 133 Misc 2d 950, 952 [Sur Ct, NY County 1986], mod 129 AD2d 126 [1st Dept 1987]). The Court of Appeals decision in Tekni-Plex, Inc. v Meyner & Landis (89 NY2d 123 [1996]), a case involving a dispute over a corporate acquisition, is instructive here. At issue for the Court was whether “long-time counsel for the seller company [old Tekni-Plex] and its sole shareholder [could] continue to represent the shareholder in [a] dispute with the buyer [new Tekni-Plex]” (id. at 127). Following the acquisition, new Tekni-Plex commenced an arbitration against old Tekni-Plex’s sole shareholder and director, Tang, alleging that Tang had made false representations regarding the company’s compliance with environmental *493 laws {id. at 128). Tang retained counsel for old Tekni-Plex to represent him in the arbitration {id. at 129). The Court held that the confidential communications between corporate counsel and old Tekni-Plex during the law firm’s representation of the corporation on environmental compliance matters had passed to new Tekni-Plex, and that the law firm should be disqualified from representing Tang {id. at 133-136). It also held, with application here, that the law firm should be enjoined from disclosing the substance of those communications to Tang, who, like petitioner here, was both a director and a shareholder of Tekni-Plex at the time of those communications {id. at 136-137).
Petitioner’s citation to People v Greenberg (50 AD3d 195 [1st Dept 2008], lv dismissed 10 NY3d 894 [2008]) is unpersuasive. In Greenberg, we held that former directors, who were clearly privy to, and participated in, legal consultations regarding the transactions, and who were not adverse to the corporation, were entitled to documents in support of an “advice of counsel” defense {id. at 202). Here, petitioner was not privy to the legal consultations and communications between transaction counsel and Williams, but instead was the subject of those consultations, and was adverse to the corporation at the time. Of note is the observation by the concurring Justice in Greenberg that there was no suggestion that any conflict of interest existed between the former directors and the corporation at the time of the privileged communications “that would have obligated the executives to retain separate counsel to advise them individually on such matters. . . . Under these circumstances, affording [the former directors] access to the documents in question is consistent with Tekni-Plex . . . and fundamentally fair” (id. at 206-207 [Friedman, J., concurring]). In contrast, it is evident that as of September 8, 2008, there was a conflict between the interests of petitioner and Williams, which would have prevented Williams’s in-house counsel from representing petitioner, and which in fact led to the retention of separate counsel by petitioner.
In Hoiles v Superior Ct. (157 Cal App 3d 1192, 204 Cal Rptr 111 [1984]), a shareholder and director of a corporation whose stock was entirely held by family members, brought an action in his capacity as a shareholder to dissolve the corporation. The petitioner sought to depose the corporation’s in-house counsel about communications with the other directors related to his threats to dissolve the corporation, or to sell his stock to a buyer outside the family (157 Cal App 3d at 1197, 204 Cal Rptr at 114). The trial court sustained counsel’s objection that these were privileged communications. On appeal, the petitioner *494 argued that he was entitled to question counsel about the privileged communications based on his status as a corporate director {id,.). In rejecting that argument and holding that the attorney-client privilege was properly asserted despite the petitioner’s status as a director, the court wrote as follows: “There is a short answer to petitioners’ claim that [petitioner] Harry Hoiles has a right to question corporate counsel in his role as a director. Assuming the point is correct, Hoiles has not brought suit as a director, only as a shareholder” (157 Cal App 3d at 1201, 204 Cal Rptr at 116 [citation omitted]). Here, as in Hoiles, petitioner has brought suit only as a shareholder.
The motion court’s holding would thwart the purpose of the attorney-client privilege, which is to “encourage full and frank communication between attorneys and their clients” (Upjohn Co. v United States, 449 US 383, 389 [1981]). Taken to its logical conclusion, the motion court’s reasoning would prevent a corporation from freely consulting with counsel when dealing with a dispute involving a sitting director, or seeking advice regarding a director’s suspected misconduct. For these reasons, we find that the parties were adverse as of September 8, 2008.
Finally, respondents’ appeal from the court’s order is neither untimely nor moot, as argued by petitioner, nor does it seek review of an unappealable order, as posited by the dissent. As explained above, petitioner made two motions to compel production of documents that were demanded by a discovery notice seeking, as is relevant here, all documents, correspondence, emails, etc., created by, directed to, or communicated between respondents and the law firm of Moses & Singer, from January 2008 to the date of the response. Respondents objected to production of all such communications on the ground of attorney-client privilege. The motion court granted the first motion, holding that petitioner was a director of the corporation, and that her codirectors “could not reasonably have expected to exclude her from their attorney-client communications concerning the valuation of her shares.” The court also held that although petitioner is now in an adversarial relationship with her codirectors and the corporation, she was not in an adversarial relationship “during the time in question.” Respondents did not appeal.
The order at issue on appeal is the order granting the second motion to compel which was made after respondent had provided a great deal of discovery. Although the court applied similar reasoning in determining both orders, the second order was not, as petitioner maintains, merely a confirmation of the first order. In fact, had the court believed that the second order *495 was merely confirmation of the first order, there would have been no reason to issue a decision addressing the motion and cross motion and setting forth the court’s reasoning.
Nor is the appeal from the order directing production of privileged communications moot. The parties are still litigating the valuation of petitioner’s shares and the documents may be used in connection with further proceedings. Concur — Richter, Abdus-Salaam and Román, JJ.