Fraiture v Board of Directors of 44 King St., Inc. (2023 NY Slip Op 02741)

Fraiture v Board of Directors of 44 King St., Inc.

2023 NY Slip Op 02741

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, Higgitt, JJ. 

Index No. 655152/21 Appeal No. 289 Case No. 2022-04982 

[*1]Nikolai Fraiture et al., Plaintiffs-Appellants,
v
Board of Directors of 44 King Street, Inc., et al., Defendants-Respondents.

Rosenberg & Estis, P.C., New York (Bradley S. Silverbush of counsel), for appellants.
Abrams Garfinkel Margolis & Bergson, LLP, New York (Andrew W. Gefell of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about November 3, 2022, which denied plaintiffs' motion to vacate the court's order, dated June 21, 2022, denying their request to compel discovery identified as privileged, unanimously affirmed, with costs.
Plaintiffs, 49% shareholders in a residential co-op, allege that defendants, the co-op and the board of directors, permitted an illegal and dangerous condition to exist in their building, namely, two openings that connected a co-op unit in their building with a unit in the building next door. The court properly denied plaintiffs' motion to vacate its order denying their request to compel discovery identified as privileged. Plaintiffs are not entitled to defendants' attorney-client communication under the narrow fiduciary exception given the parties' adversarial relationship (see NAMA Holdings, LLC v Greenberg Traurig LLP, 133 AD3d 46, 52 [1st Dept 2015]). Plaintiffs retained their own counsel to seek legal advice to protect their own self-interests, "rather than to guide the fiduciary in the performance of his or her own duties to the beneficiary" (Stock v Schnader Harrison Segal & Lewis LLP, 142 AD3d 210, 219-220 [1st Dept 2016]). Plaintiffs' retention of counsel demonstrated that they did not believe that the co-op's counsel was representing their interests as shareholders (see Barasch v Williams Real Estate Co., Inc., 104 AD3d 490, 492 [1st Dept 2013]).
Plaintiffs were not the "real client" of the board. Plaintiffs informed the board that on January 17, 2020, they had retained counsel to represent them with regard to the issue of closing the openings between the buildings because of the board's deceitful actions and the distrust between the shareholders, and because plaintiffs did not believe that the board would properly represent their interests. Plaintiffs argue that based on defendants' privilege log, starting in 2017, the board had communications with counsel about one of the units in question, and that those communications continued until at least August 2021. Those communications concern the subject of the litigation here; thus, there was an adversarial relationship between the parties, and plaintiffs were not entitled to those attorney-client communications under the fiduciary exception (see Stock, 142 AD3d at 220; Barasch, 104 AD3d at 492; see also Beck v Manufacturers Hanover Trust Co., 218 AD2d 1, 17-18 [1st Dept 1995]).
Because plaintiffs were not the "real client" entitled to invoke the fiduciary exception, the good cause analysis of whether they are entitled to attorney-client communications is not applicable (see Stock, 142 AD3d at 225-226). Were the good cause analysis applicable, we would find that plaintiffs are not entitled to disclosure of the privileged communications. The allegedly dangerous condition has been addressed, and to the extent plaintiffs contend that they nevertheless are entitled to damages, they failed to demonstrate how the [*2]documents sought would have added anything to their damages claim.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023