■ Laura Inger M., Appellant, v Hillside Children's Center et al., Respondents. [792 NYS2d 14]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 6, 2004, which, in an action for medical malpractice, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Liberally construed, the complaint alleges that the two infant plaintiffs were sexually assaulted by their babysitter, who at the time was a resident of the institutional defendant, a treatment facility for emotionally disturbed children aged 10 to 18; that the individual defendants, mental health professionals employed by the facility, knew that the attacker had pedophilic tendencies and was dangerous, but nevertheless allowed him to have unsupervised home visits; that plaintiffs were attacked during one of these home visits; that defendants did not warn plaintiffs' mother or the community at large of the attacker's presence in the community; and that plaintiffs' mother relied on the attacker's representation that he lived in a boarding school. These allegations do not show a special relationship between plaintiffs and defendants such as would warrant extending to plaintiffs the duty of care that defendants owed the attacker, and thus fail to state a cause of action for medical malpractice (*cf. Tenuto v Lederle Labs.*, 90 NY2d 606 [1997]; *Edwards v Mercy Home for Children & Adults*, 303 AD2d 543 [2003]). Absent are allegations permitting an inference that defendants knew or should have known that the attacker was babysitting for plaintiffs, or that it was otherwise foreseeable that plaintiffs and the attacker would come into contact in a manner that would implicate plaintiffs' safety (*see Tenuto* at 613-614). For similar reasons, i.e, the absence of allegations permitting an inference that defendants knew or should have known that plaintiffs were specifically threatened by the presence of their patient in the community, the complaint fails to show that defendants were under any common-law duty to warn plaintiffs' mother of such presence (*cf. Tarasoff v Regents of Univ. of Cal.*, 17 Cal 3d 425, 431, 432-433, 435, 551 P2d 334, 340, 341, 342-343 [1976]). We note the pendency of another action by plaintiffs against the facility for ordinary negligence, and also against their attacker for assault, based on the same occurrences. Concur—Tom, J.P., Saxe, Williams, Sweeny and Catterson, JJ.