LAURA INGER M., Appellant-Respondent, v HILLSIDE CHILDREN'S CENTER, Respondent-Appellant, et al., Defendant. LAURA INGER M., Appellant, v HILLSIDE CHILDREN'S CENTER, Respondent, et al., Defendant. [794 NYS2d 36]—

Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about April 1, 2004, which, inter alia, granted the motion of defendant Hillside Children's Center to quash the nonparty notices of deposition served upon codefendant Sergey Reznikov's mother, two sisters and probation officer; granted Hillside's motion to preclude plaintiff from examining its employees before trial about their knowledge and observations of codefendant Reznikov; denied plaintiff's motion to strike Hillside's answer unless it produced all documents reflecting sexual acts or gestures committed by Reznikov; denied Hillside's motion for a protective order shielding previously disclosed documents; and granted plaintiff's motion to vacate a prior discovery order to the extent of requiring the infants in her charge to submit to deposition by May 14, 2004 or be precluded from testifying at trial and enlarging plaintiff's time to file a note of issue until June 4, 2004, unanimously modified, on the law, to the extent of denying so much of Hillside's motion as sought to quash the nonparty notices of deposition and so much thereof as sought to preclude depositions of its employees as to matters not protected by the physician-patient privilege, granting defendant's motion for a protective order as to the previously disclosed excerpts from Reznikov's medical record, granting plaintiff's motion only to the extent of deferring the infants' depositions until after completion of the depositions of the nonparty witnesses and extending the date to file a note of issue accordingly, and vacating the conditional discovery order and, except as so modified, affirmed, without costs.

The facts underlying this negligence action against defendant facility and its patient, arising out of the molestation of the infants, are briefly stated in *Laura Inger M. v Hillside Children's Ctr.* (15 AD3d 295 [2005]). At issue is the propriety of an order precluding depositions of the individual defendant Reznikov's mother and sisters and his probation officer, and a similar order precluding depositions of employees of defendant facility. Plaintiff seeks information regarding both Reznikov's condition and his actions with respect to the infants in her charge.

The depositions of the family members are material and necessary to establish Hillside's knowledge that Reznikov presented a danger to others at the time he was released on home visits (CPLR 3101). Likewise, his probation officer is in a position to shed light on the circumstances surrounding his placement with the facility. However, such discovery is subject to the physician-

patient privilege, which applies to protect information a witness "acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity" (CPLR 4504 [a]). While confidential communications are subject to statutory protection, "the mere facts and incidents of a person's medical history" are not protected (*Williams v Roosevelt Hosp.*, 66 NY2d 391, 396 [1985]). Thus, the nonparty witnesses may be deposed as to their observations as laypersons, but not as to information acquired from persons who attended to the patient in a professional capacity (*Hughson v St. Francis Hosp.*, 93 AD2d 491, 498 [1983]).

Similarly, the physician-patient privilege does not bar Hillside's employees from testifying as to observations that would be obvious to a layperson (*see People v Hedges*, 98 AD2d 950 [1983], *lv denied* 61 NY2d 909 [1984]). Nor does it preclude testimony of the mere fact of treatment, such as the frequency and dates treatment was received (*see Hughson*, 93 AD2d at 499). Rather, the privilege "extends to that which falls within the ambit of information relating to the nature of the treatment rendered and the diagnosis made" (*id.*).

Plaintiff's motion for additional discovery of documents relating to prior assaults or attempted assaults by Reznikov and for a further in camera hearing regarding certain documents subject to a February 8, 2000 order was properly denied. The court has already conducted an in camera examination of the documents, noting that Reznikov did not engage in inappropriate sexual touching while at Hillside. Furthermore, the facility's attorney averred that its records contain no documents that specifically relate to Reznikov's criminal history and that plaintiff has already been provided with all discoverable materials. Thus, there is no basis for the motion to strike the answer.

In view of the need to conduct further discovery, we deem it appropriate to minimize any undue harm to the infants by deferring their depositions until those of the nonparty witnesses have been concluded. The last day on which to file the note of issue should be extended accordingly.

Hillside cross-appeals from the orders to the extent that it was denied a protective order with respect to certain excerpts from Reznikov's psychiatric record that were inadvertently disclosed by prior counsel. This Court has already ruled that Reznikov's medical records are privileged and that he has taken no action to support a waiver of that privilege (1 AD3d 176 [2003]; *cf. Matter of Farrow v Allen*, 194 AD2d 40, 44 [1993]). The disputed material—two documents relating to patient conduct during home-release visits and certain progress notes—

were completed in the course and furtherance of Reznikov's psychiatric treatment and are therefore subject to the physician-patient privilege.

Reargument denied, clarification granted and the decision and order of this Court entered herein on February 22, 2005 (15 AD3d 293 [2005]) is hereby recalled and vacated and a new decision and order substituted therefor. Concur—Tom, J.P., Saxe, Williams, Sweeny and Catterson, JJ.