Tom, J.E,
dissents in a memorandum as follows: Respondents-appellants are not aggrieved by the ruling from which they appeal (CPLR 5511), and this Court is without jurisdiction to entertain the matter. As indicated by their briefs, which do not even address the order appealed from, respondents seek review of a prior, unappealable order for the apparent purpose of obtaining a ruling on an issue that their proffered defense to this proceeding strongly suggests is immaterial. The opinion offered by the majority concerning an issue not properly before us is advisory since it depends on a future event outside the parties’ control which might never occur — namely, a determination by this Court that, contrary to respondents’ contention, petitioner is entitled to maintain this proceeding to assess the fair value of her shares (see Cuomo v Long Is. Light. Co., 71 NY2d 349, 354-355 [1988]).
This controversy arises out of the reorganization of the seven respondent constituent entities comprising the Williams real estate operation (collectively Williams) in connection with the sale of a 65% interest in the business to respondent First Service Corporation. Notices were mailed to the constituent share owners that their approval was required for the proposed disposition of substantially all of the assets of the respective companies at a meeting to be held on October 8, 2008. The reorganization plan was approved on that date, following which petitioner notified Williams that she would exercise her appraisal rights as a dissenting share owner (Business Corporation Law § 623). While petitioner tendered her shares in the various Williams entities pursuant to section 623 (f), the corporation did not make a timely offer to purchase the shares pursuant to section 623 (g). This proceeding was commenced by petition dated January 7, 2009 pursuant to section 623 (h), which affords the means “to determine the rights of dissenting shareholders and to fix the fair value of their shares” (§ 623 [h] [1]).
Petitioner served a discovery demand for all corporate communications dealing with the valuation of the business, her share of the Williams enterprise and the planned reorganiza *496 tion. Respondents resisted her demands, and petitioner brought a motion to compel production of the documents (CPLR 3124). In an order entered April 15, 2010, the court granted petitioner access to Williams’s internal communications, including those with corporate counsel, Moses & Singer, LLP The decision expressly held that, as a director, petitioner could not be excluded by her codirectors “from their attorney-client communications concerning the valuation of her shares,” stating that while presently in an adversarial relationship with respondents, “she was not in an adversarial relationship during the time in question.” The court reasoned that “ ‘[a] corporate director has an absolute, unqualified right, with roots in the common law, to inspect the corporate books and records’ ” (quoting People v Greenberg, 50 AD3d 195, 199 [1st Dept 2008], lv dismissed 10 NY3d 894 [2008]). Rejecting respondents’ contention that this Court’s decision in Matter of Beiny (Weinberg) (129 AD2d 126 [1st Dept 1987]) requires a departure from the general rule, the court “decline[d] to carve out an exception to a corporate director’s right to inspect the corporation’s books and records without clear authority from the Appellate Division.” No appeal was taken from this ruling.
When respondents did not comply with the order, petitioner brought the instant motion by way of order to show cause dated October 7, 2010 to compel the production of the documents as directed by Supreme Court’s prior order (CPLR 3126). The ensuing court decision recites that petitioner was seeking “an [o]rder compelling respondents to comply with my April 15, 2010 Order and directing respondents ... to produce certain discovery notwithstanding attorney-client privilege.” Respondents cross-moved for a protective order with respect to certain communications with Moses & Singer, which had represented respondents in connection with the transactions to reorganize and simplify the relationships between the constituent Williams entities. Respondents requested that all privileged documents filed in support of petitioner’s motion be sealed and that petitioner be directed to “return all copies of inadvertently produced privileged communications” (CPLR 3103 [c]).
While respondents nominally cross-moved for a protective order, both the court’s decision and remarks made during oral argument reflect that the motion was interposed for the express purpose of enabling respondents to appeal from the court’s prior ruling that petitioner is entitled to the privileged communications at issue. Without providing any procedural basis for revisiting the question, the court’s decision states that the issue before it was “whether a corporate director, by dissenting from *497 a corporate transaction, retaining separate counsel, and threatening potential legal challenges to block the transaction, becomes ‘adverse’ to the corporation, such that she waives her absolute right to inspect corporate books and records, including attorney-client communications. ’ ’
Oral argument began with the court’s comment that “this is a motion that comes about as a result of an in Court conference on discovery,” which culminated in a decision that was not subject to appeal. Petitioner’s counsel responded, “Your Honor is absolutely right, we were here six months ago where they raised exactly the same argument.” The court further indicated that it would direct that the “documents if I adhere to my original decision, are produced under the order,” acknowledging that “[tjhere is no appeal from the prior order.” Also during argument, the court inquired, “Didn’t this motion to compel in effect come about as a result of my pointing out in the course of the proceedings that whatever I do may not be appealable if the parties wanted to avail themselves of an appeal[able] order?” Tellingly, petitioner’s attorney concluded his remarks by asking the court to adhere to its previous decision.
It is well settled that a ruling made on an issue “remains the law of the case, and it may not be contravened by a court of coordinate jurisdiction” (Grossman v Meller, 213 AD2d 221, 224 [1st Dept 1995]), and this result obtains whether or not a formal order is entered (see George W. Collins, Inc. v Olsker-McLain Indus., 22 AD2d 485, 489 [4th Dept 1965]). Rather, review of an order is available only by way of appeal or on motion pursuant to CPLR 2221 brought before the issuing judge (id. at 488). Parties may not, by the simple expedient of styling their application in some alternative form, obviate the 30-day time limit for bringing a motion to reargue (CPLR 2221 [d] [3]) or the necessity to establish the existence of new facts or a change in law in support of a motion to renew (CPLR 2221 [e] [2]). They certainly may not evade the strict 30-day time period in which to serve a notice of appeal (CPLR 5513; see Ocean Acc. & Guar. Corp. v Otis El. Co., 291 NY 254 [1943]). In short, respondents may not exploit the absence of any statutory time restriction to move for relief under CPLR 3103 (protective orders) to avoid the limitations constraining a motion to renew or reargue under CPLR 2221. In any event, the statute plainly provides that to revisit a ruling on the basis of either reargument or renewal, the motion “shall be identified specifically as such” (CPLR 2221 [d] [1]; [e] [1]). Where, as here, the meaning of a statute is apparent from the language employed by the Legislature, there is no room for judicial interpretation (Majewski v Broadalbin-Perth Cent. *498 School Dist., 91 NY2d 577, 583 [1998]; Matter of Jakubowicz v A.C. Green Elec. Contrs., Inc., 25 AD3d 146, 147 [1st Dept 2005], lv denied 6 NY3d 706 [2006]). Because respondents identified their application as seeking relief only under CPLR 3103, it may not be judicially extended to include relief available under CPLR 2221. Finally, however their application may be categorized, having declined to appeal from its denial, respondents may not employ the cross motion as a means to obtain review of an issue previously resolved.
This Court may not issue a ruling on the propriety of the prior discovery order, which was never the subject of a motion to renew or reargue and from which no appeal was ever taken. If parties were permitted to dispense with the law of the case by the simple ruse of raising anew an issue previously resolved on a prior motion, there would be no end to litigation. Moreover, an appellate court is without power to review any order beyond the time specified in CPLR 5513. Since the issue of petitioner’s entitlement to material asserted to be privileged was resolved in an order entered in April 2010 and never challenged, the 30-day limitation of CPLR 5513 has elapsed, and that issue is not before us. The order appealed from merely directs that the parties comply with the motion court’s previous discovery order, imposing no sanctions or further conditions. Since the prior order was binding upon the parties in any event (Matter of Murray v Goord, 298 AD2d 94, 97 [1st Dept 2002], affd 1 NY3d 29 [2003] [“an order or judgment of a court is binding on all persons subject to its mandate until vacated or set aside on appeal”]), respondents are not aggrieved by the order appealed from. Thus, they lack standing to prosecute this appeal (Bernstein v 1995 Assoc., 211 AD2d 560 [1st Dept 1995]), and this Court is without jurisdiction to entertain the matter (Mixon v TBV, Inc., 76 AD3d 144, 155 [2d Dept 2010]; Tortora v LaVoy, 54 AD2d 1036, 1036 [3d Dept 1976]). The only ruling by which respondents are aggrieved that was potentially subject to review is whether the motion court erred in failing to direct the return of certain of the disclosed material, as sought in respondents’ cross motion for a protective order. However, as their notice of appeal is confined to the motion court’s disposition of petitioner’s motion in chief, respondents have abandoned the issue.
While the arguments advanced before Supreme Court in support of respondents’ cross motion were properly considered in opposition to petitioner’s motion, entertaining an application under CPLR 3103 does not warrant revisiting the issue of the privilege attached to the material sought to be protected (see Laura Inger M. v Hillside Children’s Ctr., 17 AD3d 293, 295- *499 296 [1st Dept 2005]). And while the motion court was correct that no appeal could be taken as of right from its April 15, 2010 order, which decided a motion that was not made on notice (CPLR 5701 [a] [2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]), respondents never sought to reduce that order to an appealable paper. It would have been a simple matter to make a motion on notice to vacate the order, thereby providing an adequate record to permit review on appeal (CPLR 5701 [a] [3]; Unanue v Rennert, 39 AD3d 289 [1st Dept 2007]; see Siegel, NY Prac § 524 at 921-922 [5th ed 2011]). Respondents failed to take the necessary measures to establish their right to appeal from the April 15, 2010 order within the time constraints imposed by statute, and they identify no provision in the rules governing practice before our courts that would enable them to challenge the ruling some five months after the expiration of the allotted time period.
This Court’s review is limited to the disposition of petitioner’s motion to compel compliance with the court’s previous discovery order. It appears that the parties stipulated to the sealing of the contested documents, and there is no remaining issue requiring this Court’s resolution.*
The substance of respondents’ position in opposition to the motion was that a director may be unilaterally excluded from corporate affairs whenever the corporation or its agent (here, counsel) expresses the opinion that the director might be unsupportive of some proposed corporate endeavor. Rather than allege any use that petitioner might make of the disputed information obtained during discovery that would be harmful to them, respondents reminded the motion court that their position in this litigation is that petitioner is not entitled to maintain this proceeding to fix the value of her shares because the transactions actually undertaken to reorganize Williams did not result in the disposition of substantially all of the assets of its constituent corporations. Thus, it is far from clear at this juncture that the disputed information remains material and necessary to the prosecution of the action (CPLR 3101 [a]). Thus, the issue respondents seek to pursue is at best premature and presently moot.
In sum, it was previously decided that the documents in contention were properly obtained by petitioner in her capacity as director of the constituent Williams entities, Supreme Court lacked any procedural basis to revisit this determination, and it is not subject to review on appeal. And while Supreme Court’s *500 order directing production of the documents implicitly found them to be material and necessary to the valuation of petitioner’s shares, the relevancy of this information has been rendered immaterial in light of respondents’ position that petitioner is not entitled to maintain this proceeding under Business Corporation Law § 623.
Accordingly, the appeal should be dismissed for want of jurisdiction.

 The motion court issued a separate sealing order, apparently on the stipulation of the parties, which is not subject to this appeal.