Matter of Center on Privacy & Tech. v New York City Police Dept. (2020 NY Slip Op 01724)





Matter of Center on Privacy & Tech. v New York City Police Dept.


2020 NY Slip Op 01724


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


11278N 154060/17

[*1] In re Center on Privacy & Technology, Petitioner-Appellant,
v
New York City Police Department, Respondent-Respondent.


Vladeck, Raskin & Clark, P.C., New York (Rachel L. Fried of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (MacKenzie Fillow of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered April 11, 2019, which, inter alia, precluded petitioner from referring to certain unredacted documents inadvertently disclosed by respondent New York City Police Department in response to petitioner's request for documents pursuant to the Freedom of Information Law (FOIL), unanimously affirmed, without costs.
The court did not impose an unconstitutional prior restraint by precluding petitioner from referring to the source of unredacted documents inadvertently disclosed by respondent in the course of this FOIL proceeding, which were a small portion of the thousands of pages of records respondent has disclosed in response to petitioner's FOIL request (see e.g. Laura Inger M. v Hillside Children's Ctr., 17 AD3d 293, 295-296 [1st Dept 2005]). "[A]n order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny" (Seattle Times Co. v Rhinehart, 467 US 20, 33 [1980]). Instead, a court may restrict a litigant's use of information obtained through litigation as long as the restriction "furthers an important or substantial governmental interest unrelated to the suppression of expression," and "the limitation of First Amendment freedoms is no greater than is necessary or essential to the protection of the particular governmental interest involved" (id. at 32 [internal quotation marks and brackets omitted]). Respondent had a substantial government interest in preventing the inadvertent disclosure of records. Furthermore, the protective order was narrowly tailored in expressly allowing petitioner to disseminate any information it had gleaned from the materials at issue, and requiring respondent to provide petitioner with replacement
records bearing redactions that are not challenged on the merits on the instant appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK