■ L & L PLUMBING & HEATING, Respondent, v JAMES DE-PALO, Defendant, and DOROTHY DePALO, Appellant. [677 NYS2d 153] —In an action to recover damages for breach of contract and unjust enrichment, the defendant Dorothy DePalo appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 15, 1997, as denied that branch of her motion which was to dismiss the complaint insofar as asserted against her as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The plaintiff's causes of action to recover damages for breach of contract and unjust enrichment had to be asserted within six years after their accrual (*see,* CPLR 213; *Lawyers' Fund for Client Protection v Gateway State Bank,* 239 AD2d 826). The appellant met her initial burden of establishing by prima facie proof the affirmative defense that the Statute of Limitations had elapsed. Thus, the burden shifted to the plaintiff to rebut this presumption by establishing the applicability of the relation-back doctrine of CPLR 203 (b) (*see, Hoosac Val. Farmers Exch. v AG Assets,* 168 AD2d 822).

For the rule allowing relation back to the original date of filing under CPLR 203 (b) to be operative in an action in which a party is added beyond the applicable limitations period, a plaintiff is required to prove that "(1) both claims arose out of the same conduct, transaction or occurrence; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement; and (3) the new party knew or should have known that, but for an excusable mistake by the plaintiff in originally failing to identify all the proper parties, the action would have been brought against [him or her as well]" (*Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219, 226; *Buran v Coupal,* 87 NY2d 173, 180-181; *Brock v Bua,* 83 AD2d 61, 69).

We disagree with the appellant's contention that the plaintiff failed to establish that she is united in interest with the defendant James DePalo. Parties are united in interest only where "the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (*Prudential Ins. Co. v Stone,* 270 NY 154, 159; *see, Desiderio v Rubin,* 234 AD2d 581; *Mondello v New York Blood Ctr.—Greater N. Y. Blood Program, supra,* at 226; *Brock v Bua, supra,* at 68). In short, "interests will be united, only where one is vicariously liable for the acts of the other" (*Connell v Hayden,* 83 AD2d 30, 45). "Underlying the doctrine of vicarious liability * * * is the notion of control. The person in a position to exercise some general authority or control over the wrongdoer must do so or bear the consequences" (*Kavanaugh v Nussbaum,* 71 NY2d 535, 546).

The evidence discloses that the defendant James DePalo and the appellant are husband and wife, that the appellant owned the property upon which the improvements were made, and that James DePalo procured the construction contract for the benefit of appellant's property. Since James DePalo was acting as an agent for the appellant when he entered into the construction contract, the appellant is vicariously liable thereunder and, thus, is united in interest with James DePalo. Furthermore, by reason of their relationship and the fact that the appellant accepted service of the original summons and complaint, she can be charged with notice of the institution of this action (*see, Buran v Coupal, supra,* at 182). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.