*273 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, defendants’ motion for summary judgment granted, complaint dismissed and plaintiffs cross motion denied as academic.
Plaintiff in October of 2000 instituted this action against American Transit Insurance Company (Transit) based on a failure to resolve plaintiffs claim of property damage as a result of an accident which occurred on October 27, 1997 between his vehicle and an automobile owned by Marc Business Plus Inc., defendant’s insured, and operated by an employee, Jean Ambroise, of said insured. In an order dated December 18, 2000, the court dismissed the action against Transit with leave to replead against the proper party. Following expiration of the three-year statute of limitations, plaintiff served an amended summons and complaint naming the instant defendants as owner and operator of the vehicle. Thereafter, defendants moved for summary judgment dismissing the complaint as time-barred. Plaintiff cross-moved to amend the caption and deem the amendment to have been interposed as of the time of the original pleading pursuant to CPLR 203.
In order to be successful in this regard, plaintiff was required to establish that (1) both claims arose out of the same conduct, transaction or occurrence; (2) the new parties are united in interest with the original defendant and, by reason of that relationship, can be charged with notice of the institution of the action, and the new parties will not be prejudiced in the maintaining of their defense on the merits by the delayed, or otherwise stale, commencement; and (3) the new parties knew or should have known that, but for a mistake by plaintiff as to the identity of the proper parties, the action would have been brought against them as well (see Buran v Coupal, 87 NY2d 173; see also Moller v Taliuaga, 255 AD2d 563; L & L Plumbing & Heating v DePalo, 253 AD2d 517). Inasmuch as the claim against the carrier arises out of its contractual relationship with its insured, as opposed to the negligence of the insured and its employee, the parties are not united in interest (see Connell v Hayden, 83 AD2d 30; see also Mondello v New York Blood Ctr. — Greater N.Y. Blood Program, 80 NY2d 219; Kavanaugh v Nussbaum, 71 NY2d 535; L & L Plumbing & Heating v DePalo, supra). Accordingly, defendants’ motion for *274 summary judgment dismissing the complaint should have been granted.
Aronin, J.P., Patterson and Golia, JJ., concur.