OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Petitioners’ claims are directed at a Zoning Board of Appeals (ZBA) determination granting a variance. Petitioners cannot invoke the “relation back” doctrine
 
 (see
 
 CPLR 203 [b]) to avoid dismissal for failure to join the ZBA, a necessary party
 
 (see
 
 CPLR 1001, 1003). Use of the “relation back” doctrine requires “unity of interest” between the party in the proceeding and the nonparty
 
 (see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program,
 
 80 NY2d 219, 226 [1992]). Petitioners’ claim that the Town and the ZBA are united in interest must fail because a town and a zoning board of appeals are independent of each other where, as here, the ZBA is acting in its “administrative capacity independent from the Town Board”
 
 (Matter of Commeo, Inc. v Amelkin,
 
 62 NY2d 260, 266 [1984]).
 

 Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo, Read and R.S. Smith concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.