■ E. Susan De Sanna, Respondent, v Rockefeller Center, Inc., Now Known as Rockefeller Group, Inc., et al., Defendants, and Rockefeller Center North, Inc., Appellant. [780 NYS2d 651]—

Peters, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered April 7, 2003 in Ulster County, which, inter alia, granted plaintiff's cross motion to file an amended

summons nunc pro tunc against defendant Rockefeller Center North, Inc., and (2) from an order of said court, entered August 22, 2003 in Ulster County, which corrected a clerical error in the prior order.

Plaintiff was injured on March 17, 1999 as she was exiting a freight elevator in premises located at 1271 Avenue of the Americas in New York City. In July 2001, plaintiff commenced a personal injury action against Rockefeller Group, Inc., believing it to be the owner of said premises, and Rockefeller Center Management Corporation (RCMC) as its management company. As both entities maintained offices at 1221 Avenue of the Americas for service of process, plaintiff mistakenly identified the situs of the accident in the complaint as 1221 Avenue of the Americas. After discovery confirmed that the accident took place at 1271 Avenue of the Americas, defendants moved for summary judgment; plaintiff discontinued the action.

On April 10, 2002, plaintiff commenced this action against "Rockefeller Center, Inc., now known as Rockefeller Group Inc. and Rockefeller Center Management Corporation now known as Rockefeller Group Development Corporation." The accompanying complaint identified the situs of the accident correctly, but both Rockefeller Group Development Corporation (hereinafter RGDC) and Rockefeller Group, Inc. (hereinafter RGI) denied managing or owning 1271 Avenue of the Americas. Plaintiff filed an amended summons in August 2002 additionally naming defendant Rockefeller Center North, Inc. (hereinafter RCN). After RCN demanded a complaint, plaintiff filed an amended complaint alleging that RCN was, in fact, the owner and manager of 1271 Avenue of the Americas. RCN moved to dismiss the complaint as time-barred pursuant to CPLR 3211 (a) (5) or, in the alternative, pursuant CPLR 3025, for the failure to have secured leave of court before amending the pleadings. Plaintiff cross-moved to file an amended summons nunc pro tunc, which all defendants opposed. Supreme Court, by order entered April 7, 2003 and clarified by order entered August 22, 2003, granted plaintiff's cross motion and RCN appeals.[1]

By not dismissing the complaint as untimely, Supreme Court permitted plaintiff to utilize the benefits of the relation back doctrine, codified in CPLR 203. It permits a plaintiff to amend a complaint and add a new defendant even though, at the time of amendment, the statute of limitations would have expired. To receive its benefits, three conditions must be satisfied: " '(1) both claims [must arise] out of [the] same conduct, transaction

---

1. RGI and RGDC filed notices of appeal but did not perfect their appeals.

or occurrence, (2) the new party is "united in interest" with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he [or she] will not be prejudiced in maintaining [a] defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him [or her] as well' " (*Buran v Coupal,* 87 NY2d 173, 178 [1995], quoting *Brock v Bua,* 83 AD2d 61, 69 [1981] [citations omitted]).[2]

There was no dispute that the first condition was easily satisfied—the claims arose out of the same occurrence. RCN focused on the second condition and asserted that plaintiff failed to demonstrate that it is united in interest with the other defendants. We disagree. Parties are united in interest when " 'the interest of the parties in the subject-matter is such that they [will] stand or fall together and that judgment against one will similarly affect the other' " (*Quine v Burkhard Bros.,* 167 AD2d 683, 684 [1990], quoting *Prudential Ins. Co. v Stone,* 270 NY 154, 159 [1936]). A unity of interest has been found to exist where "the defenses available . . . will be identical, [which occurs] . . . where one is vicariously liable for the acts of the other" (*Connell v Hayden,* 83 AD2d 30, 45 [1981]). Here, through plaintiff's testimony and later discovery, it was revealed that shortly after the accident, plaintiff was approached by Bruce Campbell who identified himself, through his business card, as the "protection supervisor" for RCMC with a stated location at 1221 Avenue of the Americas. Although a demand was thereafter made to have Campbell produced for deposition, RCMC instead produced Kenneth Perko Jr., a vice-president, who denied having any employees in that position at the time of plaintiff's accident. On the same date, when Perko testified in his capacity as assistant secretary of RGI, he admitted that, at one time, he was compensated for his work at RCMC with funds paid by RGI. Perko again denied that Campbell was an employee when plaintiff had her accident; Campbell was never produced. Plaintiff also received an unsolicited letter, dated March 19, 1999, from Gerald Blume, an attorney, who maintained offices at the same location as Campbell. It confirmed that plaintiff reported her injury to building representatives on March 17, 1999 at approximately 1:50 P.M. at 1271 Avenue of the Americas; Perko acknowledged that Blume had represented RGI in the past regarding these types of claims.

---

**2.** The litigant seeking the benefit of the doctrine no longer needs to show that the mistake was excusable (*see Buran v Coupal, supra* at 179; *see also State of New York v Gruzen Partnership,* 239 AD2d 735, 736 [1997]).

From these facts, we find Supreme Court to have properly concluded that plaintiff submitted sufficient evidence to demonstrate that Campbell had apparent authority to act on behalf of RCMC, now RGDC. Therefore, RCN, as owner of the building, could be found to be vicariously liable if RCMC, even as an independent contractor, is ultimately found to be its agent (*see L & L Plumbing & Heating v DePalo,* 253 AD2d 517, 518 [1998]; *June v Zikakis Chevrolet,* 199 AD2d 907, 909 [1993]).

Addressing the third condition for the application of the relation back doctrine, we find it evident that plaintiff, through her pleadings, intended to sue the owner of 1271 Avenue of the Americas. While we acknowledge that such information could have been ascertained through a title search, we need no longer consider whether the mistake was excusable (*see Buran v Coupal,* 87 NY2d 173, 178-179 [1995], *supra*). In light of the continued confusion of the premises address with the address of those appearing on its behalf—Blume and Campbell—and the address designated for service of process, complicated by the similarity in name of the various corporate entities and their subsequent change of names, we fail to discern an abuse of discretion by Supreme Court when it concluded that RCN, as the owner, could not have reasonably concluded that its failure to be sued within the applicable limitations period indicated a resolution of that issue. Therefore, with the finding that RCN knew or should have known that the action would have been brought against it in the absence of plaintiff's mistake, we affirm.

Cardona, P.J., Mercure, Crew III and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.