*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                    517959
_____

In the Matter of AYUDA RE
    FUNDING, LLC, et al.,
                        Appellants,

        v                                          MEMORANDUM AND ORDER

TOWN OF LIBERTY et al.,
                        Respondents,
                        et al.,
                        Respondents.
_____

Calendar Date:  September 3, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

                        _____

        Robert M. Cohen, Ballston Lake, for appellants.

        Kenneth C. Klein, Jeffersonville, for Town of Liberty and
others, respondents.

        Law Offices of Brian P. Rourke, PC, Liberty (John R.
Theadore of counsel), for Jon Sutherland and another,
respondents.

                        _____

Peters, P.J.

        Appeal from a judgment of the Supreme Court (Cahill, J.),
entered March 4, 2013 in Sullivan County, which, in a proceeding
pursuant to CPLR article 78, granted respondents' motion to
dismiss the amended petition.

        In 2011, respondent Town of Liberty enacted Local Law No. 2
(2011), entitled "A Local Law Correcting Errors in the Zoning Map
With Respect to Tax Map Parcels 13.-1-7.1, 13.-1-7.2, 18.-1-31,

18.-1-36.2, 20.-3-6 and 20.-3-8." Petitioners subsequently commenced this proceeding seeking to annul such law, naming as respondents the Town, respondent Gary Zalkin (doing business as Liberty Scrap Metal) and respondent Ben Weitsman and Son, Inc. (hereinafter collectively referred to as the original respondents). The original respondents moved to dismiss the petition on the ground that petitioners failed to name as necessary parties the owners of the parcels of real property affected by the zoning law. Supreme Court agreed and ordered petitioners to file and serve an amended petition adding such property owners as respondents.[1] By the time the amended petition adding these parties (hereinafter referred to as the later-added respondents) was filed, the statute of limitations had expired. Supreme Court dismissed the petition against the later-added respondents on statute of limitation grounds and, as a result thereof, dismissed the remainder of the petition against the original respondents due to petitioners' failure to timely join necessary parties. This appeal by petitioners ensued.

As the statute of limitations had expired prior to the time the later-added respondents were joined, dismissal of the proceeding against them was warranted unless petitioners could establish their entitlement to relief pursuant to the relation back doctrine (see CPLR 203 [b]; Buran v Coupal, 87 NY2d 173, 177 [1995]). To avail themselves of the benefit of the doctrine, petitioners were required to demonstrate (1) that the claims arose out of the same occurrence, (2) that the later-added respondents were united in interest with the original respondents, and (3) that the later-added respondents knew or should have known that, but for a mistake by petitioners as to the identity of the proper parties, the proceeding would have been brought against them as well (see Buran v Coupal, 87 NY2d at 178; Mongardi v BJ's Wholesale Club, Inc., 45 AD3d 1149, 1150 [2007]; De Sanna v Rockefeller Ctr., Inc., 9 AD3d 596, 597-598 [2004]).

_____

[1] Petitioners did not appeal this judgment, and therefore the issue as to whether the later-added respondents were necessary parties is not before us.

Petitioners failed to establish the second and third prongs of the doctrine. Unity of interest is demonstrated where "the interest of the parties in the subject-matter is such that they [will] stand or fall together and that judgment against one will similarly affect the other" (De Sanna v Rockefeller Ctr., Inc., 9 AD3d at 598 [internal quotation marks and citations omitted]; see Mondello v New York Blood Ctr.–Greater N.Y. Blood Program, 80 NY2d 219, 226 [1992]; Mongardi v BJ's Wholesale Club, Inc., 45 AD3d at 1151; Zehnick v Meadowbrook II Assoc., 20 AD3d 793, 796 [2005], lv dismissed 5 NY3d 873 [2005]). Here, the original respondents consist of the municipality that enacted the zoning law at issue and the entities that purportedly sought the zoning changes, whereas the later-added respondents are the owners of the real property affected by the zoning changes. Thus, it is apparent that the original respondents do not have the same interests in the zoning changes as the later-added respondents (see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452, 457 [2005]; Matter of Emmett v Town of Edmeston, 2 NY3d 817, 818 [2004]; Matter of Chalian v Malone, 307 AD2d 619, 621 [2003]). Nor can petitioners' failure to name the later-added respondents in the first instance be viewed as a mistake as to the identity of the proper parties. In an affidavit submitted by petitioners' counsel, he conceded that there were more parties that could have been named in the proceeding, but that petitioners chose to name the "most important" ones. As petitioners were fully aware of the existence of these property owners but "failed to appreciate that [they] were legally required to be named in proceedings of this type," petitioners' error was not encompassed by the doctrine (Windy Ridge Farm v Assessor of Town of Shandaken, 45 AD3d 1099, 1100 [2007], affd 11 NY3d 725 [2008]; see Buran v Coupal, 87 NY2d at 181; Mongardi v BJ's Wholesale Club, Inc., 45 AD3d at 1151; State of New York v Gruzen Partnership, 239 AD2d 735, 736 [1997]; Matter of Baker v Town of Roxbury, 220 AD2d 961, 963-964 [1995], lv denied 87 NY2d 807 [1996]).

Finally, inasmuch as the later-added respondents were subject to Supreme Court's jurisdiction and raised a valid statute of limitations defense, the court properly dismissed the petition for failure to join necessary parties without consideration of the discretionary factors set forth in CPLR 1001

(b) (see Matter of Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 727 [2008]; Matter of Alexy v Otte, 58 AD3d 967, 967-968 [2009]; Matter of Romeo v New York State Dept. of Educ., 41 AD3d 1102, 1104-1105 [2007]; see also Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc., 19 NY3d 543, 554 n 8 [2012]).

Lahtinen, Garry, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court