■ In the Matter of SHERRI SULLIVAN et al., Appellants, v PLANNING BOARD OF THE TOWN OF MAMAKATING et al., Respondents. [58 NYS3d 692]—

McCarthy, J.P. Appeal from a judgment of the Supreme Court (Meddaugh, J.), entered March 21, 2016 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.

Respondent New Cingular Wireless PCS, LLC (hereinafter AT&T) applied to respondent Planning Board of the Town of Mamakating for a special use permit and site plan approval to construct a wireless telecommunication tower facility on an approximately 26-acre parcel of vacant land owned by respondent Edward Hart. Thereafter, the Planning Board issued a State Environmental Quality Review Act negative declaration and a resolution of approval granting AT&T's application. Petitioners commenced this CPLR article 78 proceeding against AT&T and the Planning Board seeking annulment of the declaration and resolution. Thereafter, AT&T and the Planning Board moved to dismiss the petition arguing, among other things, that petitioners failed to join a necessary party, Hart. Supreme Court determined that Hart was a necessary party (*see* CPLR 1001 [a]) and reserved decision on any remaining arguments pending his joinder. Petitioners then filed an amended notice of petition and verified amended petition adding Hart as a party and requesting the same relief sought in their original petition. Thereafter, Hart moved to dismiss the amended petition on statute of limitations grounds, AT&T again moved to dismiss on the same grounds as their original motion and the Planning Board joined both motions. Supreme Court granted Hart's motion to dismiss finding that Hart had been added as a respondent after the limitations period had expired and that petitioners were not entitled to the benefit of the relation back doctrine. The court then dismissed the amended petition as to AT&T and the Planning Board for petitioners' failure to timely join a necessary party. Petitioners appeal, and we affirm.

Supreme Court properly found that petitioners failed to establish their entitlement to the relation back doctrine. The relation back doctrine permits a petitioner to amend a petition to add a respondent even though the statute of limitations has expired at the time of amendment so long as the petitioner can demonstrate three things: (1) that the claims arose out of the same occurrence, (2) that the later-added respondent is united in interest with a previously named respondent, and (3) that the later-added respondent knew or should have known that, but for a mistake by petitioners as to the later-added respondent's identity, the proceeding would have also been brought

against him or her (*see Matter of Emmett v Town of Edmeston*, 2 NY3d 817, 818 [2004]; *Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Matter of Ayuda Re Funding, LLC v Town of Liberty*, 121 AD3d 1474, 1475 [2014]).

Petitioners failed to establish the second prong of the relation back doctrine. While AT&T and Hart may have the same immediate purpose in opposing petitioners' CPLR article 78 petition, "that, in and of itself, does not create a unity of interest such that an action against [Hart] relates back to the filing date of the petition" (*Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452, 457 [2005]). AT&T's interest is in its business of providing wireless coverage, whereas Hart's interest is in the use of his real property. "Such divergent long-term interests cannot be guaranteed to protect [Hart] from future prejudice in the case" (*Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d at 457). Accordingly, and contrary to petitioners' contention, Hart is not united in interest with AT&T (*see id.*; *Matter of Emmett v Town of Edmeston*, 2 NY3d at 818; *Matter of Ayuda Re Funding, LLC v Town of Liberty*, 121 AD3d at 1475-1476).

Petitioners also failed to establish the third prong of the relation back doctrine. Petitioners correctly identified Hart as the property owner in their original petition, foreclosing any contention that they made a mistake in identifying the relevant property owner. The fact that a petitioner is aware of the existence of a property owner but fails to realize that the property owner is legally required to be named in a proceeding is not a mistake contemplated by the relation back doctrine (*see Branch v Community Coll. of the County of Sullivan*, 148 AD3d 1410, 1411 [2017]; *Matter of Ayuda Re Funding, LLC v Town of Liberty*, 121 AD3d at 1476; *Windy Ridge Farm v Assessor of Town of Shandaken*, 45 AD3d 1099, 1100 [2007], *affd* 11 NY3d 725 [2008]). Given the foregoing, Supreme Court properly dismissed the amended petition as time-barred. Petitioners' remaining contentions are academic.

Egan Jr., Lynch, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.