NYAHSA Servs., Inc., Self-Insurance Trust v People Care Inc. (2018 NY Slip Op 08735)





NYAHSA Servs., Inc., Self-Insurance Trust v People Care Inc.


2018 NY Slip Op 08735


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526645

[*1]NYAHSA SERVICES, INC., SELF-INSURANCE TRUST, et al., Respondents,
v
PEOPLE CARE INCORPORATED, Appellant. (And a Third-Party Action.)

Calendar Date: November 19, 2018

Before: McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.


Barclay Damon LLP, Albany (David M. Cost of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Albany (Stuart F. Klein of counsel), for respondents.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from that part of an order of the Supreme Court (Platkin, J.), entered June 26, 2017 in Albany County, which granted plaintiffs' motion to dismiss defendant's counterclaims and denied defendant's cross motion to renew and to amend its answer.
The facts and procedural history of this case are more fully discussed in a previous decision in this matter (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d 785 [2016]). Briefly stated, plaintiff NYAHSA Services, Inc., Self-Insurance Trust (hereinafter the trust) is a group self-insured trust that was created to provide mandated workers' compensation coverage to defendant's employees (see Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3]). Each year that defendant remained a member of the trust, it entered into annual contribution agreements and paid the corresponding invoices issued by the trust for periodic adjustments, reflecting those additional costs that the trust incurred with respect to workers' compensation claims paid on behalf of defendant's employees. In June 2008, defendant terminated its membership in the trust. Thereafter, on or about July 14, 2008, the trust sent defendant an invoice for payment of adjustments for additional expenses that the trust incurred with respect to claims that were filed while defendant was still a member of the trust. Defendant ultimately refused to pay any further adjustments, resulting in the instant litigation.
As relevant here, in February 2016, the trust moved to amend its complaint to add plaintiffs Denise Mitchell Alper, Rocco Meliambro, Emma Devito and Mark Pancirer, as trustees of the trust (hereinafter collectively referred to as the individual trustees), and to add a claim for additional unpaid adjustment invoices that were issued to defendant after commencement of this litigation. Supreme Court granted the trust's motion to amend, and plaintiffs thereafter filed a [*2]second amended complaint [FN1]. Defendant filed an answer to plaintiffs' second amended complaint and, as relevant here, asserted counterclaims against the individual trustees for fraud/fraud in the inducement, breach of fiduciary duty and negligence. Plaintiffs then moved to dismiss these counterclaims as time-barred by the applicable statutes of limitations. Defendant opposed the motion and cross-moved to, among other things, renew Supreme Court's prior December 2014 order and reinstate its previously dismissed counterclaim against the trust pursuant to General Business Law §§ 349 and 350 based upon a change of law and to amend its answer to assert said counterclaim against the individual trustees. Supreme Court granted plaintiffs' motion to dismiss defendant's counterclaims against the individual trustees, determining that the relation back doctrine was not applicable, no periods of equitable tolling applied and that said claims were therefore time-barred. Supreme Court also partially denied defendant's cross motion to the extent that it denied reinstatement of the General Business Law §§ 349 and 350 counterclaim as against the trust and leave to amend its answer to assert said counterclaim against the individual trustees. Defendant now appeals.
Defendant contends that Supreme Court erred when it determined that its counterclaims against the individual trustees were time-barred based upon its failure to establish its entitlement to the benefit of the relation back doctrine. Inasmuch as the statute of limitations on defendant's counterclaims against the individual trustees expired before defendant filed its answer to the second amended complaint, in order to avoid dismissal, it was defendant's burden to demonstrate that said counterclaims were entitled to the benefit of the relation back doctrine (see Branch v Community Coll. of the County of Sullivan, 148 AD3d 1410, 1410 [2017], lv denied 29 NY3d 911 [2017]). In order to avail itself of the benefit of this doctrine, defendant had to demonstrate that the following three requirements were established: "(1) both claims must arise out of the same occurrence, (2) [the trust] and [the individual trustees] were united in interest, and by reason of that relationship can be charged with notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits, and (3) [the individual trustees] knew or should have known that, but for a mistake by [defendant] as to the identity of the proper party, the action [against the trust] would have been brought against it as well" (id. at 1411; see Buran v Coupal, 87 NY2d 173, 178 [1995]; Matter of Ayuda Re Funding, LLC v Town of Liberty, 121 AD3d 1474, 1475 [2014]).
Here, there is no dispute that the first two requirements of the doctrine were established — both claims unquestionably arose out of the same conduct, transaction or occurrence and the trust and the individual trustees were admittedly united in interest with the trust. With respect to the third requirement, Supreme Court determined that, because defendant was aware of the identity of the trustees when it interposed its original answer and counterclaims in September 2010, its failure to assert claims against the individual trustees between September 2010 and December 2016 represented "either a strategic litigation decision on its part or a mistake of law," neither of which it found would entitle defendant to application of the doctrine. We disagree.
There is nothing in the record before us demonstrating that defendant intentionally elected not to assert its counterclaims against the individual trustees and/or that it did so to obtain "a tactical advantage in the litigation" (Buran v Coupal, 87 NY2d at 181). A review of defendant's pleadings demonstrates that it intended to sue the individual trustees [FN2]. Although the specific names of the individual trustees could have been ascertained from certain documentation that the trust provided to defendant on an annual basis, "we need no longer consider whether [such a] mistake was excusable" (De Sanna v Rockefeller Ctr., Inc., 9 AD3d 596, 599 [2004]). Rather, as the Court of Appeals has recognized, the primary question — and "the linchpin of the relation back doctrine" — is whether the newly added party had actual notice of the claim (Buran v Coupal, 87 NY2d at 180 [internal quotation marks and citation omitted]; see Virelli v [*3]Goodson-Todman Enters., 142 AD2d 479, 483-484 [1989]). As trustees of the trust, we find it implausible that the individual trustees were not aware of the trust's commencement of this action and the counterclaims that defendant asserted against the trust — such knowledge being imputed to them as trustees (see generally Yaniv v Taub, 256 AD2d 273, 275 [1998]; Preferred Elec. & Wire Corp. v Duracraft Prods., 166 AD2d 425, 426-427 [1990]). Moreover, insofar as the counterclaims asserted against the individual trustees are essentially the same counterclaims that defendant asserted against the trust in its original answer and answer to the first amended complaint, it cannot be said that the individual trustees were surprised or prejudiced in their ability to prepare a defense to defendant's counterclaims (see Buran v Coupal, 87 NY2d at 182)[FN3]. Given these facts, we find that the individual trustees "knew or should have known that the action would have been brought against [them] in the absence of [defendant's] mistake" and, therefore, find that defendant established its entitlement to the benefit of the relation back doctrine (De Sanna v Rockefeller Ctr., Inc., 9 AD3d at 599; see Buran v Coupal, 87 NY2d at 182). Accordingly, Supreme Court should not have granted plaintiffs' motion to dismiss defendant's counterclaims for fraud/fraud in the inducement and breach of fiduciary duty against the individual trustees, and it should have granted defendant's cross motion for leave to amend the complaint to add a cause of action against the individual trustees pursuant to General Business Law §§ 349 and 350 (see CPLR 203 [f]; Buran v Coupal, 87 NY2d at 182; De Sanna v Rockefeller Ctr., Inc., 9 AD3d at 599; see also Headley v City of New York, 115 AD3d 804, 806-807 [2014]; Thomsen v Suffolk County Police Dept., 50 AD3d 1015, 1018-1019 [2008]; compare Matter of Sullivan v Planning Bd. of the Town of Mamakating, 151 AD3d 1518, 1520 [2017], lv denied 30 NY3d 906 [2017]; Branch v Community Coll. of the County of Sullivan, 148 AD3d at 1411; Matter of Ayuda Re Funding, LLC v Town of Liberty, 121 AD3d at 1475-1476).
Notwithstanding the fact that defendant's negligence counterclaim was not time-barred, we nevertheless find that said counterclaim was properly dismissed as duplicative of its breach of fiduciary duty counterclaim. Causes of action that are based on the same set of facts and theories and seek identical damages are duplicative of one another and must be dismissed (see Frontier Ins. Co. v Merritt & McKenzie, Inc., 159 AD3d 1156, 1159 [2018]). Defendant's negligence counterclaim and its breach of fiduciary duty counterclaim both are founded upon allegations that the individual trustees owed certain duties to defendant and, through their alleged failure to properly operate, manage and oversee the operations of the trust, they breached these duties. With respect to damages, both counterclaims seek to recoup essentially all of the sums that defendant expended during the course of its membership in the trust. Accordingly, upon our review of defendant's pleadings, we find that Supreme Court appropriately determined, in the alternative, that defendant's negligence counterclaim was duplicative of its breach of fiduciary duty claim (see Frontier Ins. Co. v Merritt & McKenzie, Inc., 159 AD3d at 1159; NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 796 [2016]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d at 788-789).
Lastly, Supreme Court did not err in denying defendant's motion to renew. In its original answer, defendant asserted a counterclaim under General Business Law §§ 349 and 350; however, Supreme Court subsequently dismissed this counterclaim on the ground that defendant's alleged conduct was "not consumer-oriented within the meaning of [the statutes]" (NYAHSA Servs., Inc. Self Ins. Trust v People Care Inc., 45 Misc 3d 1225[A] [Sup Ct, Albany County 2014], mod 141 AD3d 785 [2016]). Although defendant appealed from Supreme Court's prior order, it abandoned any issues involving the trust's alleged violations of General Business Law §§ 349 and 350 (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d at [*4]787 n 4). Accordingly, defendant's arguments regarding the improper dismissal of this counterclaim could have been raised on the prior appeal, and, inasmuch as that argument was abandoned, we perceive no abuse of discretion in Supreme Court's denial of defendant's subsequent motion to renew (see generally Barasch v Williams Real Estate Co., Inc., 104 AD3d 490, 497-498 [2013]; Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364, 365-366 [2000]). In any event, this Court's decision in Accredited Aides Plus, Inc. v Program Risk Mgt., Inc. (147 AD3d 122 [2017]) did not constitute a change in law for purposes of defendant's motion to renew to the extent that it merely clarified the existing law through application of the facts to existing legal precedent (see CPLR 2221 [e] [2]; D'Alessandro v Carro, 123 AD3d 1, 6-7 [2014]; Cives Corp. v Hunt Constr. Group, Inc., 91 AD3d 1178, 1180 [2012]). Given our holdings, defendant's remaining contentions have either been rendered academic or have otherwise been reviewed and found to be without merit.
McCarthy, J.P., Lynch and Clark, JJ., concur.
ORDERED that order is modified, on the law, without costs, by reversing so much thereof as (1) granted plaintiffs' motion to dismiss defendant's counterclaims against plaintiffs Denise Mitchell Alper, Rocco Meliambro, Emma Devito and Mark Pancirer for fraud/fraud in the inducement and breach of fiduciary duty, and (2) denied defendant's cross motion to amend its answer to assert a counterclaim against said plaintiffs pursuant to General Business Law §§ 349 and 350; motion denied and cross motion granted to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: An amended complaint had previously been filed by the trust.

Footnote 2: Defendant's original answer and its answer to the first amended complaint specifically reference the conduct of "the [t]rustees" with respect to its counterclaim alleging a breach of fiduciary duty.

Footnote 3: Further, defendant only asserted its counterclaims against the individual trustees after Supreme Court granted the trust's prior motion to amend its complaint to add the individual trustees as coplaintiffs and add claims for certain additional unpaid adjustment invoices, expressly determining that said claims were not time-barred and related back to the trust's original complaint given the parties unity of interest, the common factual basis of the claims, defendant's adequate notice thereof and the lack of prejudice or delay to either party.