Hines v ABM Janitorial Service-Northeast (2019 NY Slip Op 08623)





Hines v ABM Janitorial Service-Northeast


2019 NY Slip Op 08623


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


158407/17 230

[*1]10457 Lenworth Hines, et al., Plaintiffs-Respondents,
v
ABM Janitorial Service-Northeast, et al., Defendants, 230 PAS, LLC formerly known as PAS (15 CLIFF) LLC, et al., Defendants-Appellants.


Mischel & Horn, P.C., New York (Christen Giannaros of counsel), for appellants.
Law Offices of Michelle S. Russo, P.C., Port Washington (Michelle S. Russo of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered October 22, 2018, which denied defendants 230 PAS, LLC and 230 PAS (RRPIII), LLC's (PAS) motion to dismiss the complaint as against them pursuant to CPLR 3211(a)(5), unanimously affirmed, without costs.
In opposition to PAS's showing that the statute of limitations had elapsed, plaintiffs demonstrated that their claims against PAS relate back to their claims against defendant TF Cornerstone, Inc., by submitting evidence that TF Cornerstone had apparent authority to act on behalf of PAS at the time of the accident (see L & L Plumbing & Heating v DePalo, 253 AD2d 517, 518 [2d Dept 1998]; CPLR 203[b]). TF Cornerstone entered into a janitorial service agreement with defendant ABM Janitorial Service-Northeast, Inc. for the property about 10 months before plaintiff Lenworth Hines's accident. Therefore, PAS, as owner of the building at the time of the accident, may be found to be vicariously liable if TF Cornerstone is ultimately found to be its agent (see De Sanna v Rockefeller Ctr., Inc., 9 AD3d 596, 599 [3d Dept 2004]).
PAS relies on Bossung v Rebaco Realty Holding Co., N.V. (169 AD3d 538 [1st Dept 2019]), in which the agreement between the property owner and the building manager established that the manager was not in complete and exclusive control of the premises and therefore would have a defense not available to the owner. In the instant case, we cannot conclude that TF Cornerstone has a defense not available to PAS, because the agreement between them is not included in the record.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK