Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v New York State Pub. Empl. Relations Bd. (2020 NY Slip Op 00199)





Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v New York State Pub. Empl. Relations Bd.


2020 NY Slip Op 00199


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

528946

[*1]In the Matter of Sullivan County Patrolmen's Benevolent Association, Inc., Petitioner,
v
New York State Public Employment Relations Board et al., Respondents.

Calendar Date: November 13, 2019

Before: Mulvey, J.P., Devine, Aarons and Pritzker, JJ.


The Tuttle Law Firm, Clifton Park (James B. Tuttle of counsel), for petitioner.
David P. Quinn, Public Employment Relations Board, Albany (Ellen M. Mitchell of counsel), for New York Public Employment Relations Board, respondent.
Roemer Wallens Gold & Mineaux LLP, Albany (Earl T. Redding of counsel), for County of Sullivan and another, respondents.



Aarons, J.
Proceeding pursuant to CPLR article 78 (partially transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board dismissing petitioner's improper employer practice charge.
Petitioner, the collective bargaining representative for the Sullivan County Sheriff's Office, filed two improper employer practice charges against respondents County of Sullivan and the Sullivan County Sheriff (hereinafter collectively referred to as the County respondents). Following a hearing, the Administrative Law Judge issued a decision finding that the County respondents were guilty of one charge but dismissed the other charge. The County respondents filed exceptions thereto and, upon administrative appeal, respondent Public Employment Relations Board (hereinafter PERB) reversed the Administrative Law Judge's determination.
In May 2018, petitioner commenced this CPLR article 78 proceeding solely against PERB seeking to annul its determination. On June 21, 2018, petitioner filed an amended petition adding the County respondents as parties. The County respondents answered and, as an objection in point of law, asserted that the amended petition was untimely. Petitioner replied to this objection by relying on the relation back doctrine. PERB submitted a reply arguing that if Supreme Court agreed with the County respondents' untimeliness objection, the amended petition should be dismissed against it due to petitioner's failure to join necessary parties. Supreme Court dismissed the amended petition insofar as asserted against the County respondents because it was not timely filed and transferred the remaining portion to this Court (see CPLR 7804 [g]).
As pertinent here, an aggrieved party seeking judicial review of a final order issued by PERB must commence a CPLR article 78 proceeding within 30 days after being served with a copy of an order sought to be reviewed (see Civil Service Law § 213 [a] [i]; Matter of New York State Pub. Empl. Relations Bd. v Board of Educ. of City of Buffalo, 39 NY2d 86, 90 [1976]). The record reflects that PERB's order was served on petitioner's counsel on April 25, 2018. The amended petition adding the County respondents as parties, however, was not filed until June 21, 2018 — i.e., more than 30 days after the PERB order was served. To have the amended petition deemed timely insofar as asserted against the County respondents, petitioner relies on the relation back doctrine. This doctrine requires that petitioner establish "(1) that the claims arose out of the same occurrence, (2) that the later-added respondent[s] [were] united in interest with a previously named respondent, and (3) that the later-added respondent[s] knew or should have known that, but for a mistake by petitioner[] as to the later-added respondent[s'] identity, the proceeding would have also been brought against [them]" (Matter of Sullivan v Planning Bd. of the Town of Mamakating, 151 AD3d 1518, 1519-1520 [2017], lv denied 30 NY3d 906 [2017]; see Buran v Coupal, 87 NY2d 173, 178 [1995]). Petitioner and the County respondents focus on the third prong.
In our view, the record fails to disclose that the failure to name the County respondents in the original petition was due to a mistake as to their identity. The explanation provided by petitioner was that it did not believe that the County respondents were necessary parties to the proceeding. Such mistake, however, is a mistake of law, which is not contemplated by the relation back doctrine (see Windy Ridge Farm v Assessor of Town of Shandaken, 45 AD3d 1099, 1099 [2007], affd 11 NY3d 725 [2008]). Given that petitioner was aware of the County respondents' existence and "failed to appreciate that [they] were legally required to be named in proceedings of this type" (Matter of Ayuda Re Funding, LLC v Town of Liberty, 121 AD3d 1474, 1476 [2014] [internal quotation marks and citation omitted]), petitioner's reliance on the relation back doctrine is unavailing (see Mongardi v BJ's Wholesale Club, Inc., 45 AD3d 1149, 1151 [2007]; Matter of Baker v Town of Roxbury, 220 AD2d 961, 963-964 [1995], lv denied 87 NY2d 807 [1996]).
Inasmuch as the County respondents are necessary parties to this proceeding and they demonstrated that the amended petition was not timely commenced against them, the amended petition must also be dismissed insofar as asserted against PERB (see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 727 [2008]; Matter of Ayuda Re Funding, LLC v Town of Liberty, 121 AD3d at 1476). In view of our determination, petitioner's remaining assertion is academic.
Mulvey, J.P., Devine and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and amended petition dismissed.