# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision
before publication in the New York Reports.

No. 48
In the Matter of Joseph Nemeth,
et al.,
            Appellants,
        v.
K-Tooling, et al.,
            Respondents.

Jonathan R. Goldman, for appellants.
Alan J. Pope, for respondents.

RIVERA, J.:

On this appeal we must determine whether, under CPLR 203 (c) and the relation

back doctrine, claims against a party mistakenly omitted from the initial filing and then

- 1 -

added after the expiration of the limitations period may be treated as interposed when the action was timely commenced against the originally named respondents. The relation back doctrine applies when (1) the claims arise out of the same conduct, transaction or occurrence; (2) the new party is "united in interest" with an original defendant and thus can be charged with such notice of the commencement of the action such that a court concludes that the party will not be prejudiced in defending against the action; and (3) the new party knew or should have known that, but for a mistaken omission, they would have been named in the initial pleading (*see Buran v Coupal*, 87 NY2d 173, 178 [1995]).

The doctrine focuses on the notice and prejudice to the added party. However, the doctrine does not apply when a plaintiff "intentionally decides not to assert a claim against a party known to be potentially liable" or when the new party was omitted "to obtain a tactical advantage in the litigation" (*id.* at 181). These exceptions minimize gamesmanship and manipulation of the CPLR (*see id.*).

Here, petitioners established that they satisfied the *Buran* test and that their omission of a necessary party was not a deliberate, informed litigation strategy to gain tactical advantage. The relation back doctrine applies, and petitioners' claims against the newly added party were timely interposed under CPLR 203 (c). Therefore, respondents' motion to dismiss the amended petition should not have been granted. We reverse.

I.

According to the facts alleged in the petition,[1] Petitioners Donna and Joseph Nemeth, petitioner Valerie Garcia, and respondent Rosa Kuehn are adjacent residential property owners in the Village of Hancock. Respondent Kuehn Manufacturing Co. and respondent K-Tooling are family businesses owned by Rosa's son, Perry. Both are manufacturing businesses that the Kuehns operate as nonconforming uses on Rosa's property.

For over a decade the parties have been embroiled in a neighborhood dispute over respondents' attempt to expand this use. In 2012, petitioners secured an injunction, barring respondents from using part of the property for nonresidential purposes. Thereafter, respondents Kuehn Manufacturing and K-Tooling sought a variance from respondent the Village of Hancock Zoning Board of Appeals ("ZBA") which was granted in 2013 after a hearing attended by the parties. Petitioners then commenced a prior CPLR article 78 proceeding seeking annulment of the ZBA's determination, naming as respondents Rosa, Perry, Kuehn Manufacturing, K-Tooling, and the ZBA. The Appellate Division reversed

---

[1] On an appeal from a motion to dismiss, we accept all of the allegations in the petitions as true and accord petitioners the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Matter of Burke v Sugarman*, 35 NY2d 39, 42 [1974]).

Supreme Court's dismissal of the petition, thereby annulling the use variance (127 AD3d 1360 [3d Dept 2015]).

Undaunted, respondents sought a variance in February 2016, which the ZBA granted. Petitioners then commenced the instant CPLR article 78 proceeding, seeking annulment of the ZBA's decision. This time, petitioners named only Kuehn Manufacturing, K-Tooling, and the ZBA as respondents, omitting Rosa and Perry. The Kuehn respondents moved to dismiss the petition under CPLR 1001 (a) and 7802 for failing to name the variance's applicants—property owner Rosa and Perry—as "necessary parties." Supreme Court granted the motion and dismissed the petition. The Appellate Division reversed and remitted to Supreme Court "to order that Rosa Kuehn be joined as a necessary party" and "allow [her] and the Kuehn respondents to raise any defenses that they might have" (163 AD3d 1143, 1145 [3d Dept 2018]).

On remittal, petitioners filed an amended CPLR article 78 petition adding Rosa as a respondent. Petitioners also moved for judgment. Respondents cross-moved to dismiss the petition, arguing that the petition was time-barred against Rosa because the relation back doctrine did not apply and, as a result, the claims against the other respondents must be dismissed for lack of a necessary party. Supreme Court granted the motions and dismissed the petition as untimely.

The Appellate Division affirmed with one Justice dissenting (205 AD3d 1093 [3d Dept 2022]). Relying on departmental precedent, the majority concluded that the relation back doctrine is unavailable to save an untimely filing where "there is no 'mistake' within the meaning of the relation back if [petitioners] 'knew of the existence of the proper parties

at the time of their initial filing' " and, here, petitioners could not claim "that they were unaware of Rosa Kuehn's identity as the owner of the subject property or that there was a question of or misunderstanding regarding her status" (*id.* at 1096, quoting *Buran*, 87 NY2d at 180).

The dissenting Justice acknowledged that "[t]he majority faithfully applie[d] Third Department precedent, which distinguishes a mistake of law as not meeting the requirements of the third prong" (*id.* at 1097, Garry, P.J., dissenting), but asserted that this precedent was inconsistent with *Buran* and the federal counterpart, Rule 15 (c) of the Federal Rules of Civil Procedure (*see id.* at 1097-1099). The dissenter further concluded that, because Rosa had appeared as its owner throughout the litigation and was represented by the same attorney, Rosa was united in interest with named respondent Kuehn Manufacturing. Therefore, the dissent concluded that the amendment relates back to the initial timely commencement of the petition (*id.* at 1100). We granted petitioners leave to appeal (38 NY3d 913 [2022]).

II.

Petitioners principally argue that, for purposes of the third prong of the relation back analysis, the addition of a mistakenly-omitted necessary party relates back whether one views the omission as a mistake of "law" or simply an oversight in identifying the proper party unless the omission was a deliberate choice or motivated by gamesmanship. Respondents counter that the relation back doctrine is unavailable to petitioners because they were aware of the omitted necessary party's existence but failed to include her in the action. We now hold that the relation back doctrine is not limited to cases where the

amending party's omission results from doubts regarding the omitted party's identity or status.

A.

Section 203 of the CPLR codifies the relation back doctrine and provides that "a claim asserted in the complaint [commenced by filing] is interposed against the defendant or a co-defendant united in interest with such defendant when the action is commenced" (CPLR 203 [c]). Our State's relation-back doctrine is modeled on the federal analog in Federal Rule of Civil Procedure 15 (c) (*Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992]).[2] In *Mondello*, the Court adopted the three-part test prevalent at the time in federal and state courts and articulated by the Appellate Division in *Brock v Bua* (83 AD2d 61 [2d Dept 1981]). Under this test, the claim against the later-added party relate back to the date of commencement, if

> " '(1) both claims arose out of the same conduct, transaction or occurrence[;] (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that [they] will not be prejudiced in maintaining their defense on the merits[;] and (3) the new party knew or should have known that, but for an excusable mistake by [the] plaintiff as to the identity of the proper

---

[2] Rule 15 (c) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if [the claim or defense arose from the same conduct, transaction, or occurrence] and if, within the period . . . for serving the summons and complaint, the party to be brought in by amendment . . . (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity" (Fed Rules Civ Pro rule 15 [c] [1] [B]-[C] [previously Fed Rules Civ Pro rule 15 (c) (2)-(3)]).

parties, the action would have been brought against [them] as well" (*Buran*, 87 NY2d at 178, quoting *Brock,* 83 AD2d at 69).

Although *Mondello* had no occasion to consider the scope of the third prong of this test, the Court took up the question soon thereafter in *Buran* (*id.* at 178, citing *Mondello*, 80 NY2d at 230). As the *Buran* Court explained, *Brock's* articulation of the third prong differed from its federal counterpart by requiring that the "omission of the party in the original pleading be excusable" (87 NY2d at 179). That requirement is wholly absent from Rule 15 (c), which "does not qualify the nature of the mistake" (*id.*).

*Buran* concluded that the "excusability" requirement "improperly deemphasized what the United States Supreme Court has called the 'linchpin' of the relation back doctrine—notice to the defendant within the applicable limitations period" (*id.* at 180, quoting *Schiavone v Fortune*, 477 US 21, 31 [1986]). More to the point, the excusable mistake requirement shifted the focus away from "whether the new party had actual notice of the claim" and "from what *Brock* assumed to be the primary consideration" of the doctrine, namely, "whether the *defendant* could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter has been laid to rest as far as [they] are concerned" (*id.* [internal quotation marks omitted]; *see also Krupski v Costa Crociere S. p. A.*, 560 US 538, 548 [2010] [observing that the federal relation back rule "asks what the prospective *defendant* knew or should have known during the [relevant] period, not what the *plaintiff* knew or should have known at the time of filing (their) original complaint"]).

The *Buran* Court further observed that the excusability requirement had "essentially rendered the relation back doctrine meaningless in all but rare circumstances," a result that was not in line with notice pleading and our customary liberal construction of the CPLR (*Buran*, 87 NY2d at 181). To better reflect the primary focus of the doctrine while minimizing opportunities for manipulation of the CPLR's saving provision, the Court discarded the excusability requirement, but reminded courts that they could decline to apply the doctrine in "cases where the plaintiff omitted a defendant in order to obtain a tactical advantage in the litigation" or where application of the doctrine would result in prejudice to the new party in defending on the merits (*id.*). In short, *Buran* retained a modified third prong of the relation back test which is more forgiving of errors of omissions than its *Brock* predecessor and which requires only that the omission of a party be the result of a mistake and not necessarily an "excusable" mistake.

B.

The Appellate Division decision below is the latest in a line of cases interpreting *Buran* as limiting the relation back doctrine to mistakes regarding the identity or status of a proper party (*see Matter of Nemeth*, 205 AD3d at 1094-1095, citing, *inter alia*, *Matter of Sullivan v Planning Bd. of the Town of Mamakating*, 151 AD3d 1518, 1520 [3d Dept 2017]; *Branch v Community Coll. of the County of Sullivan*, 148 AD3d 1410, 1411-1412 [3d Dept 2017]; *Matter of Ayuda Re Funding, LLC v Town of Liberty*, 121 AD3d 1474, 1476 [3d Dept 2014]). However, as we now make clear, the relation back doctrine is not so limited. Rather, the doctrine applies when the party knew or should have known that, but for the mistake—be it a simple oversight or a mistake of law (i.e., that the amending party failed

to recognize the other party as a legally necessary party)—the non-amending party would have been named initially (*see id.* at 180-181).

Indeed, in *Buran* itself, there was no mistake regarding identity. *Buran* involved husband-and-wife plaintiffs with property on Lake Champlain—the Burans—who sued their husband-and-wife neighbors—the Coupals—for trespass after the Coupals erected a seawall across a portion of the Burans' property (*id.* at 176). The Court noted that "John and Janet Coupal obtained [the] property" and that, while the initial suit against the husband (John) was pending, "the Coupal[s] transferred ownership of their lot" (*id.*). Hence, when the Burans first sued the Coupals, the Burans had reason to know the Coupals were tenants by the entirety and, thus, both necessary parties—as the Coupals later acknowledged in an amended answer (*see id.*). Despite this, the Court did not inquire into whether the mistake in omitting Janet was one of fact or law or otherwise suggest that the Burans' knowledge of Janet's identity was dispositive of the doctrine's applicability. Rather, the Court still held that the Burans' delayed addition of Janet Coupal related back to the original date of filing because Janet was united in interest with John, undisputedly had notice of the action, there was no delay or prejudice, and "whether the Burans' mistake in failing to name her initially was 'excusable' was immaterial" so long as the Coupals should have realized that her omission was, in fact, a mistake (*id.* at 182).

### III.

Applying the correct standard here, we conclude that the petitioners established that the relation back doctrine applies to their claims against newly added respondent, Rosa Kuehn. As the Appellate Division recognized, there is no dispute that the newly-added

claims "arose out of the same conduct, transaction, or occurrence" (*Buran*, 87 NY2d at 178, quoting *Brock,* 83 AD2d at 69). The controversy lies as to whether Rosa was on notice and thus will not be prejudiced by her addition to the proceeding, and that she is united in interest with another respondent.

### A.

Turning to the issue that divided the Appellate Division, we conclude that petitioners established the third prong—that Rosa knew or should have known that, but for a mistake, she would have been named as a respondent in the underlying article 78. She was named in the first article 78 proceeding challenging the earlier variance, which of course is at the heart of the controversy between petitioners and respondents.

Then, when the ZBA granted a second request for a variance—a request Rosa signed on behalf of Kuehn Manufacturing—petitioners again sought to have the variance annulled. Under these circumstances, as the owner of the land benefitted by the variance and as a signatory of the variance application on behalf of a company whose use of the property depends on the variance, Rosa could not have understood her omission to be anything other than an oversight. Indeed, respondents effectively concede Rosa's omission from the proceeding here was a mistake.

Nor is this a case where application of the doctrine rewards the amending party's strategic delay in naming an opposing party—a machination the Court has expressly disapproved (*Buran*, 87 NY2d at 181). Nothing in the record before us even suggests that petitioners initially omitted Rosa "in order to obtain a tactical advantage in the litigation"

(*id.*). Although omission of a necessary party does not automatically establish a mistake, here there is no evidence of an attempt to game the system.

Rather, the record confirms that petitioners' omission of Rosa was a mistake. Petitioners named Rosa in their first Article 78 petition, which successfully challenged the first variance. Then, when the ZBA granted a second request for a variance—a request Rosa signed on behalf of Kuehn Manufacturing—petitioners had every reason to name her as respondent within the statutory limitations period but did not do so. Thus, the only logical conclusion is that her omission from the second petition was a mere oversight. That error does not foreclose application of the relation back doctrine. Indeed, that is the type of party conduct that the *Buran* Court had in mind when it eliminated the excusability requirement (*see id.* at 180).

Thus, the Appellate Division erroneously concluded that petitioners' knowledge of Rosa's identity prevented application of the relation back doctrine and rendered their claims against her time-barred.

### B.

The Appellate Division did not decide but rather assumed for purposes of the analysis that Rosa shared a unity of interest with a respondent. This dispute has wound its way through the courts for 13 years and the parties understandably request that we make this determination rather than remit to the Appellate Division. Under the circumstances, we agree that the better course is to resolve the issue now (*see e.g. Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306, 318 [2006]).

To determine whether this second prong of the relation back test is met, it is not necessary for the parties to be joint contractors or have a joint interest; we look to whether the parties' interest "in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (*Prudential Ins. Co. v Stone,* 270 NY 154, 159 [1936]). Here, as previously stated, petitioners allege that Rosa owns the property affected by the variance and owns Kuehn Manufacturing, one of the two businesses operating a nonconforming use on the land (*see Nemeth*, 163 AD3d 1143). The other business is owned by her son. As its owner, Rosa signed the use variance on Kuehn Manufacturing's behalf in order to obtain approval for both businesses to use the property for manufacturing purposes. Throughout this litigation, the same attorney has represented Rosa, Kuehn Manufacturing, and K-Tooling against petitioners' challenge to ZBA's determination and there has been no contention that different defenses are available to Rosa than the other respondents. The issuance of the variance and its successful defense in this proceeding is a significant concern to a family enterprise dependent on an otherwise impermissible use of the land. Under the circumstances presented, Rosa's interests are aligned with the manufacturing respondents and a judgment vacating the use variance will have similar effect on all respondents (*compare Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452, 457 [2005]).

Respondents argue that Rosa could only be united in interest if she could be held vicariously liable for the acts, omissions, and liabilities of K-Tooling and Kuehn Manufacturing, which simple ownership of the property subject to the variance would not necessarily establish. Simply because vicarious liability may serve as a basis for finding

unity of interest does not make it a prerequisite to application of the relation back doctrine. Were that so, the doctrine would be limited to joint tortfeasors. We have never described the doctrine in such narrow terms, and adopting respondents' position would undermine the salutary purposes of the doctrine (*see Prudential Ins. Co. v Stone*, 270 NY at 159).

Rosa is united in interest with respondent Kuehn Manufacturing and, as such, petitioners satisfy *Buran's* three-pronged test. Thus, Supreme Court erred in declining to apply the relation back doctrine and, in turn, improperly dismissed the amended petition as untimely.

IV.

All three prongs of the *Buran* test are satisfied and therefore the relation back doctrine applies. Petitioners' claim against Rosa may be treated as interposed when the proceeding was timely commenced against the originally named respondents.

Accordingly the order of the Appellate Division should be reversed, with costs, and the motions to dismiss the amended petition should be denied.

Order reversed, with costs, and motions to dismiss the amended petition denied. Opinion by Judge Rivera. Chief Judge Wilson and Judges Garcia, Singas, Cannataro, Troutman and Halligan concur.

Decided October 24, 2023